# THE PEOPLE OF THE STATE OF CALIFORNIA *v.* JOHN W. HARDIN.

CHALLENGE OF JUROR FOR IMPLIED BIAS.—A challenge interposed to a trial juror on behalf of the defendant for "implied bias" merely, without specifying any of the nine distinct causes for which, under the three hundred and forty-seventh section of the Criminal Practice Act, such challenge may be interposed, is insufficient, and will be disregarded.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The defendant was indicted, tried, and convicted of the crime of mayhem.   At the trial M. B. Tubbs was called as a trial juror, who, after being examined as to his qualifications by the defendant's counsel, was by him challenged for "implied bias" merely, without further specification of the grounds for the same.   The challenge was overruled, and

the counsel for the defendant excepted. The defendant appealed from the judgment, and from an order denying his motion for a new trial.

*Coffroth & Spaulding,* for Appellant.

*Jo Hamilton, Attorney General,* for the People.

By the Court, SANDERSON, J.:

The question whether the juror, Tubbs, was disqualified by reason of his having formed or expressed an unqualified opinion as to the guilt or innocence of the defendant, we are unable to reach. The challenge was for "implied bias" merely, without specifying any particular cause for which a challenge for implied bias may be interposed. The statute provides that a challenge for implied bias may be taken for nine distinct causes, (Criminal Practice Act, Sec. 347,) and that, in taking it, counsel must allege one or more of the causes so specified. (Sec. 349.) Accordingly, it has been held by this Court that a challenge interposed in general terms "for implied bias," without a specification of any cause, may be disregarded, as incomplete, by the Court. (*People* v. *Reynolds,* 16 Cal. 130.)

The remaining points are not deemed of sufficient importance to require special notice.

Judgment and order affirmed, and remittitur allowed forthwith