[No. 2,592.]

# THE PEOPLE OF THE STATE OF CALIFORNIA v. EDWARD McGUNGILL.

CHALLENGE OF JUROR FOR IMPLIED BIAS.—A challenge of a juror for implied bias must state some one of the causes enumerated in section three hundred and forty-seven of the Criminal Practice Act. To say a juror is challenged for implied bias is no challenge.

DISALLOWANCE OF CHALLENGE AS PREJUDICE.—If a party attempt to challenge a juror for implied bias, and, the challenge being disallowed, he then challenge peremptorily, and if it does not appear affirmatively that he had exhausted his peremptory challenges at the time a full panel was sworn, he is not prejudiced by the disallowance of his attempted challenge.

DEFENDANT AS A WITNESS FOR HIMSELF.—The fact that a defendant offers himself as a witness in his own behalf does not change or modify the rules of practice, with reference to the proper limits of a cross examination, and does not make him a witness for the State against himself.

COMMENTS OF COUNSEL TO JURY.—In such a case, it is irregular for the counsel for the prosecution, against the objections of the defendant's counsel, to comment, in his argument to the jury, upon the refusal of the defendant to be cross-examined to the whole case; and for the Court to permit a continuation of such comments, against such objection, is erroneous, and prejudicial to the rights of the defendant.

PRINCIPAL AND ACCESSORY.—Under an indictment which charges a defendant as principal, he cannot be found guilty, if the evidence shows him to have been an accessory before the fact.

APPEAL from the County Court of Mendocino County.

The defendant was convicted of the crime of grand larceny, and appealed from the judgment and order denying a new trial.

The other facts are stated in the opinion.

*McGarvey & Carothers*, for Appellant.

*Attorney General Jo Hamilton*, for the People.

By the Court, SPRAGUE, J.:

The error assigned for disallowance of defendant's challenges of R. H. Anderson and S. S. Baechtel, as trial jurors

"for implied bias," cannot be considered upon the record as presented. Neither challenge appears to have been made for any specific cause authorized by statute. To simply state that "the juror is challenged for implied bias" is no challenge. A challenge for implied bias must state some one of the nine causes enumerated in section three hundred and forty-seven of the Criminal Practice Act. (*People* v. *Hardin*, 37 Cal. 258; *People* v. *Dick*, id. 379.)

Again, it appears that neither of the persons so attempted to be challenged served on the trial, having been peremptorily challenged by defendant; and it does not affirmatively appear that defendant had exhausted his peremptory challenges at the time the full panel was accepted and sworn; hence he was not prejudiced by the action of the Court in disallowing his attempted challenge for implied bias.

The bill of exceptions does not purport to contain all, or any considerable portion, of the evidence presented on the trial; hence it is impossible for this Court to determine as to the competency of the evidence relative to the cattle of J. J. Thomas and J. Farley, not included in the indictment, but which seem to have been found with those described in the indictment, on their first discovery after the alleged larceny.

It appears from the bill of exceptions that "one Yates was called and sworn as a witness for the prosecution, and, among other things, stated that he had a certain conversation with the prisoner." This closed the evidence for the prosecution. The defendant was then placed upon the stand as a witness in his own behalf, and was asked if he had the conversation with Yates spoken of by Yates, and answered he did not, and was examined no further by his counsel than concerning said conversation, nor was he examined on any other point, but answered all questions required of him by the Court; that upon the argument of the case the counsel for the prosecution commented upon

the fact before the jury; that the defendant refused to be cross-examined to the whole case; that defendant's counsel protested against such comments, but they were continued by permission of the Court. This conduct of counsel for the prosecution, under sanction of the Court, and against objections of the defendant's counsel, was irregular, and its permission by the Court erroneous, and manifestly prejudicial to the rights of defendant. (*People* v. *Tyler*, 36 Cal. 522.)

The fact that defendant offered himself as a witness in his own behalf, did not, as to him, change or modify the rules of practice with reference to the proper limits of a cross-examination of a witness; and, clearly, the prosecution could not legally claim that defendant should be made a witness for the State against himself. To attempt such an outrage of defendant's rights, and then, with the sanction of the Court, in argument to the jury, to comment upon the failure of such attempt as a circumstance tending to establish the guilt of defendant, cannot be justified or sanctioned.

The second, fifth, and eighth instructions, given by the Court at request of the prosecution, are obnoxious to the objection, of substantially asserting that under the indictment, which charges the defendant as principal, he should be found guilty, if the evidence shows him to have been an accessory before the fact, in "advising or encouraging" the commission of the offense. In this respect each of these instructions is erroneous. (*People* v. *Trim*, 39 Cal. 75; *People* v. *Campbell*, 40 Cal. 129.)

The judgment should, therefore, be reversed, and the cause remanded for a new trial. So ordered.