[No. 10,063.]

# THE PEOPLE v. JAMES HAMILTON.

WHEN VERDICT IN CRIMINAL CASE WILL BE SET ASIDE.—Although it is the practice of appellate Courts to refuse to disturb a verdict in a criminal case on the ground that it is not warranted by the evidence, when there is a substantial conflict in the evidence, yet there are exceptional cases, and one of these is, where a rape is alleged to have been committed on a child under ten years of age, and a conviction is had on her uncorroborated testimony, and she makes no complaint for two years, sustains no physical injury, makes no outcry, and the defendant is her stepfather, and physicians testify that it was improbable that bleeding and great bodily pain would not have followed, and the defendant testifies in his own behalf, denying the commission of the offense.

IDEM.—In such case the Court are warranted in assuming that the jury must have rendered the verdict under the influence of passion or prejudice, particularly if one of them, during the trial, interrupts the counsel for the defense in an improper manner.

APPEAL from the County Court of Solano County.

The girl upon whom the offense was alleged to have been committed testified that the offense was committed. The counsel for the defense, on cross-examination, asked her how long defendant remained on her body? whether he threw her down right off when they went into the barn? and other questions of a like nature.

One of the jurors interrupted the counsel by saying, "You

ought to be ashamed of yourself for cross-examining a little girl in that way; you had better spend your time questioning some older person." The counsel replied, "I have a duty to perform to my client and am only trying to get at the truth of this case." The juror replied, "You can do as you please; I am one of the jury."

The other facts are stated in the opinion.

*Alexander Campbell* and *Joseph McKenna,* for the Appellant, argued that the verdict was not sustained by the evidence, and cited *The People* v. *Benson,* 6 Cal. 221.

*J. L. Love, Attorney General,* and *W. S. Wells,* for the People.

The evidence is sufficient to justify the verdict. The testimony of one witness is sufficient to justify a conviction. The Penal Code (Secs. 1103, 1108, 1110, 1111,) enumerates all the cases in which the testimony of more than one witness is necessary to convict. The expression of one excludes the other. Convictions have been repeatedly sustained in such cases upon the uncorroborated testimony of a single witness. (*Com* v. *Beale,* Phila. 2 S. 1854; *State* v. *Green,* Ct. Com. Pleas, Mercer County, Ohio, 1860, both cited in Wharton & Stille's Med. Jur., 2d ed., Secs. 458, 459; *State* v. *Latten,* 29 Conn. 389.)

Where there is evidence even tending to prove some one material fact necessary to justify a conviction, the verdict of the jury finding defendant guilty is conclusive as to that point. (*People* v. *Magallones,* 15 Cal. 428; *People* v. *Williams,* 18 Cal. 187.)

It is for the jury to determine whether evidence introduced upon a given point in a criminal case amounts to proof of the fact sought to be proved. (*People* v. *Dick,* 32 Cal. 213; *People* v. *Strong,* 30 Cal. 151, and cases there cited.)

There must be such overwhelming evidence against the

verdict as to justify the inference that it was rendered under the influence of passion or prejudice, or bias of some kind, to justify any interference of the Court with the verdict of the jury. (*People* v. *Vance*, 21 Cal. 403.)

The case must be clear; there must be an absence of evidence against the prisoner, or a decided preponderance of evidence in his favor. (*People* v. *Ah Loy*, 10 Cal. 301.)

By the Court, CROCKETT, J.:

The indictment charges the defendant with the crime of rape, alleged to have been committed on the person of a child under ten years of age. At the trial he was convicted of an assault with the intent to commit rape, and was sentenced to confinement in the State Prison for fourteen years. He appeals from the judgment and from the order denying his motion for a new trial. It appeared in evidence, that the child on whom the assault is alleged to have been made, is a step-daughter of the defendant, and was residing on a farm, in the same house with the defendant and his wife, the mother of the child. At the time of the trial, she was under thirteen years of age, and was the only witness called to prove the accusation. She testified not only to the assault, with the intent to commit rape, but also to the complete accomplishment of the criminal intent. No witness was called to corroborate her testimony in any particular, as to time, place, or circumstances, or in any respect whatever, except as to her age. The defendant, who testified in his own behalf, explicitly denied the truth of her testimony in respect to the alleged assault and the perpetration of the crime. Her version of the affair is, that the offense was accomplished in the barn, about fifty yards distant from the dwelling house; and that immediately afterward the defendant ordered her to assist her younger brother—a boy five or six years of age—to carry from the barn to the house a box

of soap of the usual size; that on reaching the house with the soap she found her mother engaged in her usual household duties, but did not state to her the occurrence at the barn; and on the contrary, proceeded to assist her about her household affairs as usual; that no bleeding resulted from the assault upon her, and it does not appear that she complained of any pain or injury. She further testified that she did not inform her mother of the occurrence at the barn until about two years afterward, and she assigns as a reason for her silence that he threatened to kill her if she disclosed the facts, and that she was afraid of him. Two physicians were called, who testified that though it was not impossible for a man to have carnal knowledge of a child of such tender years, it was in the highest degree improbable that bleeding and great bodily pain would not ensue. This was all the testimony; and on these facts we are asked to award a new trial, on the ground that the evidence was insufficient to support the verdict. The almost uniform practice of this and other appellate Courts is, to refuse to disturb verdicts on this ground when there is a substantial conflict in the evidence. The rule is founded on the fact that the jury had the opportunity to observe the demeanor of the witnesses, and is, therefore more competent than we to decide upon their credibility. The rule is a most salutary one, and ought not to be lightly departed from. Nevertheless, there are exceptional cases, in which the preponderance of evidence against the verdict is so great as to produce a conviction that, in rendering it, the jury must have been under the influence of passion or prejudice. Such was the case of the *People* v. *Benson*, 6 Cal. 221, which was also a prosecution for rape on a girl thirteen years of age, who was the sole witness to prove the charge. She testified positively to the forcible commission of the act of sexual intercourse on the occasion complained of, but admitted on cross-examination,

that on many previous occasions she had had carnal intercourse with the defendant, and on none of them had made any outcry, though the defendant's wife was in the adjoining room; nor had she ever disclosed the facts to his wife; assigning as a reason for her silence, that she was afraid the defendant would kill her. The defense introduced evidence of the bad character of the prosecutrix for chastity, and that she had frequently expressed feelings of friendship for the defendant. On these facts the defendant was convicted, and on appeal this Court said that the story of the girl was "so improbable of itself as to warrant us in the belief that the verdict was more the result of prejudice or popular excitement than the calm and dispassionate conclusion upon the facts by twelve men sworn to discharge their duty faithfully. * * * A conviction upon such evidence would be a blot upon the jurisprudence of the country, and a libel upon jury trials." In some respects the present case is very similar to *People* v. *Benson*, just noticed. The charge rests upon the uncorroborated testimony of a child, who, at the time, was under ten years of age; and who not only made no outcry, but immediately went about her daily duties, as though nothing unusual had occurred, and failed, for two years, to disclose the facts, even to her mother. When, in addition, she admits that no flow of blood followed the alleged outrage, and it does not appear that she suffered or complained of any bodily pain, it is almost inconceivable that a jury free from passion or prejudice, would not, at least, have entertained a reasonable doubt as to the guilt of the defendant. A charge of so heinous a nature, when supported by even the slightest evidence, arouses in the public mind an intense indignation against the supposed culprit; and it is not surprising that the same feeling sometimes finds its way into the jury box. That it did so, to some extent, in the present case, is manifest from the unseemly conduct of one of the jurors, who in the progress of the trial interrupted

the counsel for the defense in a most improper manner, and evinced clearly that he was under the influence of passion or prejudice, or both.

On the whole, we think the ends of justice demand that the cause shall be tried anew.

Judgment reversed and cause remanded for a new trial; remittitur forthwith.

Neither Mr. Justice BELCHER nor Mr. Justice NILES expressed an opinion.