[No. 10,216.]

# THE PEOPLE v. SILVESTRE ARDAGA AND FRANCISCO GAMEZ.

CONVICTION FOR RAPE.—A person charged with rape cannot be convicted on the uncorroborated evidence of the prosecutrix who admits that she is unchaste, and who charges the defendant with having taken her from her room in the night, where another person was sleeping, and with having taken her two miles on horseback where he committed the crime, and with having then carried her back to her room.

APPEAL from the County Court, County of Los Angeles.

The indictment charged Ismail Romero, Creceucio Montez, and the defendants, with the crime of rape committed on the person of Delfina Leiva, on the 22d of November, 1875, at the county of Los Angeles. The prosecutrix, Delfina, was the only witness called for the people. She testified that she went from Los Angeles to Wilmington on a pleasure trip, and stopped at the house of Manuela Ruelina, and that she slept with her child, and that another bed in the same room was occupied by Frank Silva; that about twelve o'clock at night, while she was asleep, three men broke into the room, and took her from the bed; that she did not awake until they had carried her to the door, when she screamed; that one of the men held a pistol, pointed at her head, and threatened to kill her if she did not keep still; that they put her on horseback, and carried her in her nightclothes two miles, when the four men each had intercourse with her by force; and that they then carried her back to the room. She admitted that she was living with Frank Silva, and that she had been living with him three years, but claimed that she had been true to him since she had lived with him. She also admitted that four persons beside herself and Silva were sleeping in the house, and that she could not say she was virtuous. She further testified that the defendants were two of the four men. The two not on trial had not been arrested. The defendants were convicted, and appealed from the judgment and from an order denying a new trial.

*Stanford & Ramirez and Kewen & White,* for the Appellants.

*Jo Hamilton, Attorney-General,* for the People.

By the COURT:

·The defendants were convicted of rape on the uncorrob-
orated evidence of the prosecutrix, who admitted herself to
be an unchaste woman.    Her story is so grossly improbable
on the face of it, as to render the inference irresistible that
the jury must have been under the influence of passion or
prejudice.    In *People* v. *Benson,* 6 Cal. 221, the defendant
was convicted of rape on the uncorroborated but positive
testimony of the woman alleged to have been outraged; and
in reversing the judgment, and ordering a new trial, this
court said that the story of the woman was " so improbable
of itself as to warrant us in the belief that the verdict was
more the result of prejudice or popular excitement than the
calm and dispassionate conclusion upon the facts by twelve
men sworn to discharge their duty faithfully. * * * A con-
viction upon such evidence would be a blot upon the juris-
prudence of the country, and a libel upon jury trials." In
*People* v. *Hamilton,* 46 Cal. 540, which was a similar case,
we arrived at the same conclusion, and reversed the judg-
ment, observing that " the ends of justice demand that the
cause shall be tried anew." We are of the same opinion in
the present case.

Judgment and order reversed, and cause remanded for a
new trial.