COMMONWEALTH *vs.* WILLIAM A. BARBER.

Suffolk. Jan. 28. — Feb. 23, 1887. C. ALLEN & HOLMES, JJ., absent.

Under the St. of 1884, c. 212, § 1, providing that "whoever sells or offers for sale, or has in his possession," a lobster less than a certain length, "shall forfeit five dollars for every such lobster; and in all prosecutions under this section the possession of any lobster not of the required length shall be *prima facie* evidence to convict," a complaint will lie for the having in possession a lobster less than the required length.

COMPLAINT to the Municipal Court of the city of Boston, alleging that the defendant, on September 15, 1886, at Boston, " had in his possession twenty lobsters, which said lobsters were each then and there less than ten and one half inches in length, measuring from one extreme of the body thereof extended to the other extreme of said body, exclusive of the claws and feelers of said lobster."

In the Superior Court, on appeal, before the jury were empanelled, the defendant moved to quash the complaint, for the following reason:

" Because no offence is therein described with reasonable or substantial certainty, and because the provisions of the statute upon which said complaint is founded are utterly repugnant to each other, and void, and no complaint can be maintained thereon."

*Hammond*, J., overruled this motion; and the defendant excepted. A plea of *nolo contendere* as to the possession of two lobsters was accepted by the government; and the defendant alleged exceptions.

*A. Russ*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

DEVENS, J. This is a complaint under the Pub. Sts. c. 91, § 84, as amended by the St. of 1884, c. 212, § 1. The original section imposing a penalty upon one for selling or offering for sale, or having in his possession "with intent to sell, either directly or indirectly," a lobster of less than a prescribed size, was amended by striking out the words "with intent to sell, either directly or indirectly." As thus amended, it reads as follows: "Whoever sells or offers for sale, or has in his possession, a lobster less than ten and one half inches in length, measuring from one extreme of the body extended to the other, exclusive of claws or feelers, shall forfeit five dollars for every such lobster; and in all prosecutions under this section the possession of any lobster not of the required length shall be *prima facie* evidence to convict."

The contention of the defendant is, that no prosecutions can be maintained upon propositions which can be read *uno flatu*, declaring that possession shall cause a penalty to be incurred, and that possession shall be *prima facie* evidence to convict; that these two propositions became law at the same instant of time; and that there is no resource except to declare the whole section, so far as it relates to the offence of possession, as unmeaning and incapable of enforcement.

It may be that it was deemed by the Legislature that this section might be construed as applying only to lobsters of the prohibited size taken within this State, and that it was intended that the defendant should, by the *prima facie* evidence afforded by possession, be compelled to offer evidence that it was taken without the State, in order to maintain a defence. If so, the reason for the existence of the latter clause as to the effect of possession, in connection with that by which the possessor is exposed to a penalty, would be readily intelligible in view of the restricted character of the legislation, as thus applicable only to lobsters taken within the Commonwealth, and not elsewhere. Such a construction was, in fact, given to a similar law, (St. 1879, c. 209, § 1,) enacted for the preservation of woodcock and other specified birds, and imposing a penalty for having one in

possession during a certain prescribed period, the law being held to be intended only for the protection and preservation of birds bred within this Commonwealth. *Commonwealth* v. *Hall*, 128 Mass. 410.

We do not, however, find it necessary to discuss this question, as, if we assume, in favor of the defendant's contention, that the possession which is visited by the section with a penalty is applicable whether the lobsters be taken within or without the Commonwealth, the section appears susceptible of an intelligible interpretation entirely in accordance with well-settled rules of construction. There are set forth in the earlier clause three offences, selling, offering for sale, and having in possession. To the first two of these the latter clause is certainly applicable, but to the third it is not. The intent of the legislation is to make possession *prima facie* evidence of the offence, where the offence consists in something more than possession. Artificial force is often thus given by special provisions of statutes to particular facts when offered in evidence. *Commonwealth* v. *Williams*, 6 Gray, 1. *Holmes* v. *Hunt*, 122 Mass. 505.

But where the whole offence consists in possession, the latter clause has no application to it, and the offence must be proved in the ordinary way. Although, in terms, the clause applies to "all prosecutions under this section," when the context shows that this cannot be followed literally without reaching an absurdity, it is reasonable to hold that such was not the intent of the legislation, and that such an interpretation should be rejected. *Commonwealth* v. *Kimball*, 24 Pick. 366. If possible, all parts of a statute should be viewed in connection with the whole, and made to harmonize so as to give a sensible effect to each. The different portions of a sentence, or different sentences, are to be referred respectively to the other portions or sentences to which we can see they respectively relate, even if strict grammatical construction should demand otherwise. The maxim of construction, *reddenda singula singulis*, is well established, and, if the latter clause be construed *respective et distributive*, it will be found that it relates to the first two offences described in the section, and not to the third. *Coffin* v. *Hussey*, 12 Pick. 289. *Commonwealth* v. *Jordan*, 18 Pick. 228.

Nor, even if the latter clause must of necessity be applied to the offence of having in possession, should we be prepared to hold that the statute was in this regard incapable of enforcement, and that there could be no prosecution for this offence. While the clause, as applied to it, would be superfluous and absurd, it would not be more than this. The government would still have upon it the burden of proving its case of possession beyond reasonable doubt, and the defendant could not contend that such proof, if made, was mere *prima facie* evidence.

*Exceptions overruled.*