[Crim. No. 606.    Second Appellate District.—September 10, 1918.]

THE PEOPLE, Respondent, v. SARI MIRANDI, Appellant.

CRIMINAL LAW—INTOXICATING LIQUORS—ILLEGAL SALES—DEFENDANT'S FAILURE TO TESTIFY—MISCONDUCT OF DISTRICT ATTORNEY.—Where, on the trial of a charge of misdemeanor committed by unlawfully maintaining and carrying on a place where intoxicating liquors were sold, the defendant was a witness in her own behalf, the district attorney was guilty of misconduct and violated section 1323 of the Penal Code by calling attention, in his address to the jury, to the fact that, though placed upon the stand, she had not been asked by her attorney a question concerning any illegal sales of liquor, and the action of the trial court, in overruling the defendant's exceptions to such misconduct, was prejudicial error requiring a reversal of a judgment of conviction.

ID.—PROTECTION OF DEFENDANT FROM ADVERSE COMMENT.—Section 1323 of the Penal Code protects a defendant against adverse comment upon his failure to testify, not only where he was not a witness, but also where he was a witness but omitted to testify concerning some of the elements of fact at issue in the case.

ID.—CIRCUMSTANTIAL EVIDENCE—EFFECT OF SECTION 4½ OF ARTICLE VI OF THE CONSTITUTION.—In this case, the record, failing to show that the defendant had any knowledge of the illegal sale of liquor constituting the principal item of evidence for the prosecution, until after that transaction had been completed, and also failing to show that she had knowledge of any previous violations of the law by her agent until after they had occurred, and there being no direct evidence that she ever advised or approved the illegal acts,

and she not residing and not being usually present at the place of business, the evidence was in effect circumstantial, and not so far conclusive as to warrant the appellate tribunal in using section 4½ of article VI of the constitution as a ground for affirming the judgment.

APPEAL from a judgment of the Superior Court of the County of San Bernardino.   J. W. Curtis, Judge.

The facts are stated in the opinion of the court.

J. Vincent Hannon  and A. S. Maloney, for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Deputy Attorney-General, and Jerry H. Powell, for Respondent.

CONREY, P. J.—Defendant was convicted of the crime of misdemeanor committed by willfully and unlawfully maintaining and carrying on a place in the county of San Bernardino where intoxicating liquors were sold, etc., contrary to an ordinance of that county.   The defendant appeals from the judgment.

At the trial the defendant was sworn as a witness in her own behalf, but did not testify concerning any illegal sales of liquor at the winery, which was owned by her and conducted by her son-in-law, one Jean Fages.   In the course of his address to the jury, the district attorney made the following statement: "I wish to call your attention to a remarkable thing.   The defendant was placed upon the stand, but she was not asked regarding any illegal sales of liquor. Mr. Hannon did not ask her a question concerning this matter.   He was too good a lawyer, and I give him credit for having too much respect for his client's feelings than to have placed her in an embarrassing position by asking her such questions."   Defendant's attorney thereupon objected to the statement so made, and asked the court to instruct the jury that it was not incumbent upon the defendant to make any denial of anything pertaining to the matter mentioned by the district attorney.   To this the court replied: "The law don't require the defendant to take the stand at all, but when the defendant has taken the stand, I don't think she is protected after that.   I think the district attorney is within his rights."   The district attorney then continued his address,

amplifying and emphasizing his previous remarks upon the failure of the defendant to testify about illegal sales of liquor at her place of business.

We have no doubt that in making said statements to the jury the district attorney was guilty of misconduct, and that the court erred in overruling defendant's exceptions thereto. Section 1323 of the Penal Code provides that the neglect or refusal of a defendant in a criminal action to be a witness "cannot in any manner prejudice him nor be used against him on the trial or proceeding." This section has been held to protect a defendant against adverse comment upon his failure to testify, not only where the defendant was not a witness, but also where the defendant was a witness but omitted to testify concerning some of the elements of fact at issue in the case. (*People* v. *McGungill,* 41 Cal. 429; *People* v. *Sanders,* 114 Cal. 216, 231, [46 Pac. 153]; *People* v. *Morris,* 3 Cal. App. 1, [84 Pac. 463].) We think that this misconduct and error was so far prejudicial to the defendant that justice requires a reversal of the judgment. The evidence in the record fails to show that defendant had any knowledge of the illegal sale of liquor which constituted the principal item of evidence on the part of the prosecution, until after that transaction had been completed; and also fails to show that she had knowledge of any previous violations of the law by her agent until after they had occurred. There is no direct evidence that she ever advised or approved of those illegal acts. She did not reside at and was not usually present at said place of business. In effect the evidence against her is circumstantial, and is not so far conclusive that we are warranted in using section 4½ of article VI of the constitution as a ground for affirming the judgment.

Some other questions of importance are discussed in the briefs, but they probably will not arise in connection with a second trial of the case.

The judgment is reversed.

James, J., and Shaw, J., concurred.