9 P.(2d) 700

## STATE v. FIDELITY & DEPOSIT CO. OF MARYLAND.

### No. 3608.

Supreme Court of New Mexico.

March 22, 1932.

Plaintiff made claim for a deposit in the name of "H. G. Norman, County Treasurer," in the sum of $4,733.52, and for another deposit in the name of "H. G. Norman, Treasurer, School District No. 7," in the sum of $4,449.-29. Both of these amounts had been somewhat reduced by receiver's dividends. The latter account represented moneys from usual sources for use of, and expenditure by, school district No. 7, the municipal school district of the town of Carrizozo. It originated June 20, 1923, in a transfer by the county treasurer of some $6,000 from the account first mentioned.

Defendant at all times admitted liability for the first-mentioned deposit, but denied liability on the second. The state recovered judgment on both. Defendant, as appellant, challenges it only as to the second.

It is appellant's theory that the deposit in question is not one which it assumed to secure. It relies upon the provisions of the public moneys act, Laws 1915, c. 57, appearing in its amended form as 1929 Comp. St. c. 112. The form of the act, as in force when liability attached, will be found in Laws 1923, c. 76.

This act establishes boards of finance for the state and for counties and municipalities, requires such boards to designate depositories for the public moneys respectively within their control, and to exact security for the safekeeping and payment of such moneys so deposited, and requires all treasurers having such moneys on hand to deposit them in the designated banks. By section 6 (Comp. St. 1929, § 112-106) it provides that boards of

Simms & Botts, of Albuquerque, for appellant.

M. A. Otero, Jr., Atty. Gen., E. C. Warfel, Asst. Atty. Gen., and J. Benson Newell, Dist. Atty., of Las Cruces, for the State.

PARKER, J.

The state sued Fidelity & Deposit Company of Maryland as surety upon a depository bond of the Lincoln State Bank of Carrizozo, which failed in October, 1923. The bond was conditioned, in substance, that moneys of the county of Lincoln, deposited by the county treasurer, should be by the bank accounted for and paid over. It was originally given in 1921, but, having been renewed, was in effect when the bank closed.

education in incorporated towns shall constitute boards of finance and shall have control of the deposit of the school funds of their respective districts.

If the law stood thus, it seems plain that there is error in the judgment. Appellant was surety for the bank in its capacity as the depository designated by the board of county commissioners as a county board of finance. The bank's liability here in question arose in its capacity as depository of funds for which the law required a separate designation by another board, and the exaction by that board of security of its own. Neither the county board of finance nor appellant could have intended the liability here claimed. If, as we assume the fact to be, the deposit was made without designation of the bank as a depository, and without exaction of security by the district board, it cannot change the result. Appellant is surety only for the bank; not for official misfeasance.

Counsel for appellee challenge the premise rather than the conclusion of this proposition. They contend that provisions of the Public Moneys Act herein referred to had been repealed by implication by the adoption of the School Code, Laws 1923, c. 148, 1929 Comp. c. 120. Sections 617, 618 of that chapter provide:

"The district tax proceeds for direct charges shall be credited to each district from which collected, in a separate fund, and be disbursed upon the warrant or voucher of the governing authority of such district.

"All school funds to the credit of any district shall be kept by the county treasurer and withdrawn only by warrant or voucher of the proper board of education, as and when the expense matures. Treasurers of all county and municipal boards of education shall forthwith transmit to the county treasurer for credit of their respective districts any school moneys in their possession or control at the time this act takes effect."

Theretofore Code 1915, § 4883, expressly repealed by said chapter 148, had provided: "The treasurer of the city or town shall be ex-officio treasurer of the board of education." Under that system the moneys of municipal school districts were paid over by the county treasurer to such ex officio treasurer.

Counsel for appellee urge that these moneys cannot be both kept by the county treasurer, and turned over to boards of education, and that such boards, no longer having custody or control of moneys to be deposited, have ceased to function as boards of finance.

Every direction of the School Code can be complied with without disturbance of the existence or functions of any board of finance. The only change of policy necessarily indicated by the School Code is to take the moneys of the municipal school district from the custody of the town treasurer and to place them in the custody of the county treasurer. Expenditures are still to be made by the district board. There is no change of control. That board may continue to designate the depository and to exact security. It may direct the county treasurer, as readily as it former-

ly directed the town treasurer, where to deposit the money. The county treasurer can comply with such direction as readily as he can comply with the direction of the county board of finance as to other moneys.

Counsel for appellee admit the general principle that repeals by implication are not favored, and that, if two statutes can be harmonized, both are to be given effect. We think they have failed to point out any essential lack of harmony.

This would seem to conclude appellee's contention, but we need not rest the decision on this alone. The two acts (Laws 1923, cc. 76 and 148) are peculiarly in pari materia, having been passed at the same legislative session. Mayes v. Bassett, 17 N. M. 193, 125 P. 609. Both are comprehensive. Their general subject-matter is quite different. They run together at but one point, the custody of school moneys. It cannot be supposed that the Legislature, in treating this matter in the School Code, intended to upset the elaborate system, just thoroughly revised, for the control and security of all public moneys.

So we conclude that the court erred in holding appellant to liability for the school moneys. The judgment must be reversed. The cause must be remanded, with a direction to vacate the judgment and to render new judgment conforming to this opinion.

It is so ordered.

BICKLEY, C. J., and WATSON and SADLER, JJ., concur.

HUDSPETH, J., did not participate.