431 P.2d 50

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**D. L. BELL, Defendant-Appellee.**

**No. 8278.**

Supreme Court of New Mexico.

Aug. 21, 1967.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Gordon L. Gay, Sp. Asst. Atty. Gen., Santa Fe, for appellant.

Williams, Johnson & Houston, Neal & Neal, Hobbs, for appellee.

OPINION

COMPTON, Justice.

The State appeals from an order dismissing an indictment charging the defendant with the crime of conspiracy to commit bribery, and with the crime of bribery of witnesses in a proceeding pending or about to be brought. The pertinent provisions of

the bribery statute, § 40A–24–3, N.M.S.A. 1953, read in part:

"Bribery of witness consists of any person:

"A. giving or offering to give anything of value to any witness, or to any person likely to become a witness in any judicial, administrative, legislative or other official cause or *proceeding* pending *or about to be brought,* to testify falsely or to abstain from testifying to any fact in such cause or proceeding;

\*   \*   \*   \*   \*   \*

"C. intimidating or threatening any witness, or person likely to become a witness, in any judicial, administrative, legislative or other official cause or *proceeding* pending *or about to be brought,* for the purpose of preventing such individual from testifying to any fact, to abstain from testifying or to testify falsely." (Emphasis added.)

Responding to the defendant's motion therefor, a bill of particulars was filed by the district attorney after which the defendant moved for a dismissal of the indictment on the grounds that the particulars stated did not constitute an offense. In sustaining the motion, the trial court made the following findings and conclusions based on the particulars stated and the statement of the district attorney:

"1. It was stated in open Court by the District Attorney at the time of the arguments on the Motion to Dismiss, that from and after the death of Defendant's wife, on or about November 4, 1964, the office of the District Attorney had been investigating the circumstances surrounding the death of Defendant's wife to determine if Defendant was guilty of some type of homicide; and until a few days prior to April 9, 1965, no final decision had been made to institute any proceeding in connection with the death of Defendant's wife which indecision was a direct result of the false information being furnished by the witnesses bribed or intimidated by Defendant.

"2. At the request of the District Attorney a few days prior thereto, the Grand Jury was called on April 9, 1965 for the purpose of investigating, among other matters, the circumstances surrounding the death of Defendant's wife and the actions of Defendant subsequent thereto, to ascertain whether grounds existed for any prosecution in connection therewith.

"3. The Bill of Particulars should be amended to include findings one and two above.

"4. The Indictment in this case is founded upon a violation of Section 40A–24–3, New Mexico Criminal Code requiring that there be an action pending or about to be brought.

"5. The record in this case fails to show that an action was pending or about to be brought at the time of the crimes charged and the Motion to Dismiss should therefore be sustained."

■ The State contends that the court erred in its conclusion that no proceeding was about to be brought. We think the ruling of the court was correct. The defendant's wife died November 4, 1964, and the conspiracy to bribe allegedly occurred on the same day. Bribery of one witness allegedly occurred November 23, 1964, and bribery of another witness allegedly occurred March 15, 1965. The matter of the death of the defendant's wife was always in an investigatory stage until just prior to April 9, 1965, when the grand jury was impaneled to further investigate the matter.

■ We note the district attorney states in the bill of particulars filed by him that an inquest was about to be conducted; that a criminal complaint was about to be filed against the defendant charging some degree of homicide; and that a grand jury was about to be called. The record does not support these statements. No final decision was made in this respect until just prior to the calling of the grand jury, long after the alleged criminal acts of the defendant. The statute is criminal in nature and must

be construed strictly. State v. Buford, 65 N.M. 51, 331 P.2d 1110; State v. Thompson, 57 N.M. 459, 260 P.2d 370; State v. Couch, 52 N.M. 127, 193 P.2d 405. Also see State v. Shop Rite Foods, Inc., 74 N.M. 55, 390 P.2d 437.

The order should be sustained. It is so ordered.

CARMODY, J., and HENSLEY, Jr., C. J., Court of Appeals, concur.