566 P.2d 1152

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Mike Paul ARMIJO, Defendant-Appellant.**

**No. 2937.**

Court of Appeals of New Mexico.

June 28, 1977.

Theodore E. Lauer, Lauer & Lauer, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his convictions of kidnapping and CSP II (Criminal sexual penetration in the second degree). We reverse each conviction, discussing: (1) false imprisonment as a lesser offense included within

the kidnapping charge, and (2) amendment of the CSP II charge after the evidence was closed.

*False Imprisonment as a Lesser Included Offense Within the Kidnapping Charge*

The indictment charged kidnapping by holding the victim to service against the victim's will. Section 40A–4–1(A), N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1975) reads:

"A. Kidnaping is the unlawful taking, restraining or confining of a person, by force or deception, with intent that the victim:

"(1) be held for ransom;

"(2) as a hostage, confined against his will; or

"(3) be held to service against the victim's will."

Although this statute was amended in 1973, the definition of kidnapping by "holding to service" is the same as that set forth in *State v. Clark,* 80 N.M. 340, 455 P.2d 844 (1969).

Section 40A–4–3, N.M.S.A.1953 (2d Repl. Vol. 6) defines false imprisonment. It reads:

"False imprisonment consists of intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so.

"Whoever commits false imprisonment is guilty of a fourth degree felony."

Defendant requested that the jury be instructed on false imprisonment as a lesser included offense within the kidnapping charge. The request was refused.

■ For false imprisonment to be a lesser offense included within kidnapping by holding to service, the false imprisonment must be necessarily included in the kidnapping charge. *State v. Medina,* 87 N.M. 394, 534 P.2d 486 (Ct.App.1975). For a lesser offense to be necessarily included, the greater offense cannot be committed without also committing the lesser. *State v. Sandoval,* 90 N.M. 260, 561 P.2d 1353 (Ct. App.1977). Whether an offense is a necessarily included lesser offense is determined by looking to the offense charged in the indictment. *State v. Sandoval,* supra.

The State asserts that kidnapping by holding to service can be committed without committing false imprisonment. It contends that false imprisonment requires that a victim be confined against his will and such is not a requirement of kidnapping by holding to service. It relies on *State v. Clark,* supra.

*State v. Clark,* supra, states:

". . . [I]t is not necessary that he be confined against his will when the purpose of the taking, restraining or confining is that the victim be held to service against his will. Merely to confine or restrain against a person's will without the requisite intention is not kidnapping. . . . This is false imprisonment under § 40A–4–3, supra, when done with knowledge of an absence of authority."

The above quotation, taken in context, appears in a discussion of the three methods of kidnapping defined in the then applicable statute. Two of the three methods required that the victim be confined against his will; the third method—by holding to service—did not require a confining against the victim's will. That is what was meant in the first sentence of the above quotation.

■ Kidnapping by holding to service is not defined in terms of "confined against his will"; it is defined in terms of a taking, restraining or confining by force or deception. Section 40A–4–1(A), supra. False imprisonment is not defined in terms of "confined against his will"; it is defined in terms of confining or restraining the victim without his consent. Section 40A–4–3, supra. When one is confined by force or deception, one is confined without consent. The confining or restraining necessary for kidnapping by holding to service cannot be committed without also committing the confining or restraining necessary for false imprisonment.

Kidnapping by holding to service requires an "unlawful" taking, restraining or confining. Section 40A–4–1(A), supra. False imprisonment requires that the person doing

the confining or restraining know that he has no "lawful" authority to do so. One cannot commit the "unlawful" action required for kidnapping by holding to service without also committing the confining or restraining with knowledge of no "lawful" authority that is false imprisonment.

We hold, on the basis of the statutory language, that false imprisonment is a lesser offense necessarily included in kidnapping by holding to service. The distinction between these two offenses is whether the defendant intended to hold the victim to service against the victim's will. *State v. Clark,* supra.

■ If there is some evidence tending to establish the lesser offense, defendant is entitled to an instruction on the lesser offense. *State v. Wingate,* 87 N.M. 397, 534 P.2d 776 (Ct.App.1975). The State asserts that under the evidence in this case, the only justifiable verdicts were conviction of kidnapping or acquittal. See *State v. Vigil,* 86 N.M. 388, 524 P.2d 1004 (Ct.App.1974), cert. denied, 420 U.S. 955, 95 S.Ct. 1339, 43 L.Ed.2d 432 (1975). The correctness of this contention depends on whether there is evidence tending to show an absence of intent to hold the victim to service against his will.

■ Defendant's version of the events of the night in question was that no crime occurred; that defendant went with the victim to the victim's home because the victim had not repaid money allegedly borrowed from defendant, and subsequently scuffled with the victim in a restaurant because of a threat made by the victim. The jury could, and did, reject defendant's testimony that no force or deception was involved in the relationship between defendant and the victim. Still, the jury could have determined, from defendant's testimony, that the force or deception by defendant was without the intent to hold the victim to service against his will. While defendant's version of the facts may seem incredible, nevertheless it was evidence tending to show an absence of the requisite intent.

The trial court erred in refusing the requested instruction on false imprisonment as a lesser offense included within the kidnapping charge. See *State v. Wingate,* supra.

*Amendment to the CSP Charge After the Evidence Was Closed*

Section 40A–9–21(B), N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1975) states five methods of committing CSP II. Three of the methods are pertinent to this issue. Section 40A–9–21(B), supra, reads:

"B. Criminal sexual penetration in the second degree consists of all criminal sexual penetration perpetrated:

\*　　\*　　\*　　\*　　\*　　\*

"(2) by the use of force or coercion which results in personal injury to the victim;

\*　　\*　　\*　　\*　　\*　　\*

"(4) in the commission of any other felony; or

"(5) when the perpetrator is armed with a deadly weapon."

Another statute pertinent to this issue is the applicable definition of "personal injury". Section 40A–9–20(C), N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1975) states:

"C. 'personal injury' means bodily injury to a lesser degree than great bodily harm and includes, but is not limited to, disfigurement, mental anguish, chronic or recurrent pain, pregnancy or disease or injury to a sexual or reproductive organ[.]"

■ The indictment charged defendant with CSP II by engaging in anal intercourse while armed with a deadly weapon, in violation of § 40A–9–21(B)(5), supra. This specific charge limited the State to establishing the facts supporting the one method of CSP II charged in the indictment. *State v. Trivitt,* 89 N.M. 162, 548 P.2d 442 (1976); *State v. Crump,* 82 N.M. 487, 484 P.2d 329 (1971).

After the evidence was concluded and the instructions were being settled, the State requested, and the trial court proposed to instruct on three methods of CSP II—(a) force or coercion resulting in personal inju-

ry, (b) in the commission of any other felony, and (c) while armed with a deadly weapon. See subparagraphs B(2), B(4) and B(5) quoted above.

Defendant objected that the proposed instruction went beyond the issues in the case. The State agreed. The State then proposed that the indictment be amended to include the two additional methods for committing CSP II which were covered in the proposed instruction. The amendment was granted over defendant's objection, and the jury was instructed on three methods of committing CSP II.

■ One of defendant's objections was that the amendment was untimely. This objection was properly overruled. Under Rule of Criminal Procedure 7(c), the court may allow the indictment to be amended "at any time" to conform to the evidence.

■ Defendant also objected that he was prejudiced by the amendment. The State's response was that evidence supporting the two additional methods came in without objection from defendant. On appeal, defendant correctly points out that this evidence was admissible in connection with the kidnapping charge and, thus, any objection to this evidence would have been useless. We do not consider this argument further because it was not presented to the trial court.

■ Before the trial court, defendant contended that he had not been charged with CSP II by force or coercion resulting in personal injury and had not prepared to defend such a charge. This contention is also argued on appeal.

Rule of Criminal Procedure 7(c) states: "If the court finds that the defendant has been prejudiced by an amendment, the court may postpone the trial or grant such other relief as may be proper under the circumstances." Rule of Criminal Procedure 7(d) states that no appeal, based on the evidentiary variance (because of which an amendment was granted) "shall be sustained unless it is affirmatively shown that the defendant was in fact prejudiced thereby in his defense on the merits."

The State asserts that prejudice has not been affirmatively shown. It points out that there has been no change in the offense charged. That is true, but the amendment enlarged the indictment to charge the offense had been committed by three methods rather than one. See *State v. Wilburn,* (Ct.App.) 90 N.M. ——, 564 P.2d 1000, decided May 3, 1977. The State contends that defendant's "sole defense was that he had committed none of the acts charged" and such a defense was as applicable to the two additional methods as to the one method charged prior to the amendment. The State seems to be saying that the defense would not have been different if the defense had been given notice of the two additional methods charged by the amendment. This is no more than speculation on the State's part.

Prejudice affirmatively appears in this record. The amendment added a charge of CSP II by force or coercion which results in personal injury to the victim. Section 40A–9–21(B)(2), supra. "Personal injury" is defined in the statute. Section 40A–9–20(C), supra. While evidence of personal injury was relevant to "force or coercion" of the kidnapping charge, personal injury or the extent thereof was not a matter directly in issue on any of the charges on which defendant was tried, including the two charges of which he was acquitted. At trial, defendant had no reason to defend against "personal injury" as defined in § 40A–9–20(C). To permit the jury to convict on the basis of action resulting in personal injury, by adding this charge after the evidence was concluded in a trial where personal injury was not in issue, is prejudice.

The State asserts that amendment should not be held to be error because defendant did not request a continuance. A continuance to obtain additional evidence could not have resolved the question of prejudice. To counter the prejudice resulting from injecting personal injury into the case after the evidence was concluded, defendant would

have needed to cross-examine all witnesses who testified concerning the victim's condition both during the events in question and after they were concluded.

The record in this case shows the jury was permitted to convict defendant of CSP II by a method that had not been tried. This error requires reversal of this conviction. See *State v. Villa*, 85 N.M. 537, 514 P.2d 56 (Ct.App.1973).

The judgment and sentences are reversed. The cause is remanded for a new trial on the indictment as amended.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.