663 P.2d 713

**Janey COZART and Walton Cozart, Plaintiffs-Appellees,**

v.

**The TOWN OF BERNALILLO, a Municipality, Defendant-Appellant.**

**No. 7050.**

Court of Appeals of New Mexico.

May 5, 1983.

Charles R. Finley, Warner & Finley, Albuquerque, N.M., for plaintiffs-appellees.

Gordon J. McCulloch, Bradley & McCulloch, P.A., Albuquerque, N.M., for defendant-appellant.

## OPINION

WALTERS, Chief Judge.

The Town of Bernalillo has brought an interlocutory appeal challenging the trial court's denial of its motion to dismiss or to grant summary judgment.

The alleged injury occurred on July 31, 1980; suit was filed on July 29, 1982. Defendant contends that the one-year limitation of NMSA 1978, § 37–1–24, applies; the trial court held that § 41–4–15 of the Tort Claims Act, NMSA 1978, §§ 41–4–1, *et seq.,* (Repl.Pamp.1982), allowing two years within which to bring suit, supercedes § 37–1–24. We affirm.

The order authorizing the interlocutory appeal recites that "there is a conflict between the limitation of actions" provisions of the two statutes. The conflict is patent.

Section 37–1–24 was enacted in 1941 and has remained on the books since then, unchanged. It refers to the time for bringing suits in negligence against "any city, town or village, or any officers thereof." The Tort Claims Act, passed by the 1976 Legislature, became effective July 1, 1976 and was amended or added to in 1977, 1981 and 1982 in areas not pertinent to this case. It granted immunity to "a governmental body and any public employee" from tort liability, except as otherwise set out in the Act. One of the exceptions of immunity is for damages resulting from negligence of a public employee in the operation of a public utility, § 41–4–8, which is the gist of plaintiff's complaint.

Section 41–4–3 B of the Act defines "governmental entity" as "the state or any local public body"; "local public body" is defined in § 41–4–3 C as "all political subdivisions of the state and their agencies, instrumentalities and institutions." That a town or municipality is a local public body under the Act is not open to question. *See, e.g., Holiday Management Co. v. City of Santa Fe,* 94 N.M. 368, 610 P.2d 1197 (1980); *Espanola Housing Authority v. Atencio,* 90 N.M. 787, 568 P.2d 1233 (1977); *McCurry v. City of Farmington,* 97 N.M. 728, 643 P.2d 292 (Ct. App.1982).

Section 41–4–17 of the Act provides that the Tort Claims Act "shall be the exclusive remedy" for claims brought against a governmental entity or its employees. Defendant argues that the Legislature surely knew of the "specific" time limitation existing under § 37–1–24, *supra,* at the time it passed the Tort Claims Act, and that its failure to repeal § 37–1–24 at that time is indicative of its intent to exempt "suits against cities and towns" from the "general" two-year limitation of § 41–4–15, *supra.*

A somewhat similar argument was rejected in *DeVargas v. State ex rel. N.M. Dept. of Corr.,* 97 N.M. 447, 640 P.2d 1327 (1981), *cert. quashed,* 97 N.M. 563, 642 P.2d 166 (1982), where the general Chapter 37 Limitations of Actions provisions of § 37–1–4 and § 37–1–8 were examined to determine whether, the original complaint not being

sufficient to allow "relation back," plaintiff's amended complaint for violation of his civil rights was timely if filed within three or four years from the date of the alleged injury. The supreme court, in its opinion quashing certiorari, held that a claim against a law enforcement officer of a public body was more aptly governed by the specific limitation provisions of § 41–4–15 of the Tort Claims Act than by the general statute of limitations, § 37–1–8, for injury to the person. Therefore, the two-year limitation of the Tort Claims Act applied.

*DeVargas* is not precisely on point, but it does indicate the supreme court's view that an action against a governmental entity is included in and controlled by the Tort Claims Act. That view is supported by the rules of statutory construction which recognize that repeals by implication are not favored, but in cases concerned with an earlier and later statute where the later statute "is so broad in its terms and so clear and explicit in its words as to show it was intended to cover the whole subject, and therefore to displace the prior statute," the later statute will prevail. *Galvan v. City of Albuquerque,* 87 N.M. 235, 531 P.2d 1208 (1975).

The more recently enacted Tort Claims Act embraces within its terms every governmental entity, including cities, towns and villages. Section 41–4–3 B and C, *supra.* Section 41–4–16, in listing department and entity heads who are to be given notice, includes "the mayor of the *municipality* for claims against the *municipality*." The venue section, § 41–4–18, provides that venue, except as otherwise covered specifically for suits against the state or its public employees, "shall be in the county in which the principal offices of the governing body of the *local public body* is located." Section 41–4–20 requires "local public bodies" to provide certain insurance coverages; § 41–4–25 refers to elective participation of *municipalities* in the public liability fund or, alternatively, to establishment of *municipal* public liability funds; §§ 41–4–26 and –27 provide for ordinances and agreements of home rule *municipalities* relative to the method for payment of claims made under the Tort Claims Act. All of these "clear and explicit" terms within the Tort Claims Act exemplify the intent of the Legislature to bring within that Act all of the law relevant to claims against any *local* public body or its employees. Galvan, *supra.* Section 37–1–24, *supra,* does not apply any longer to tort suits brought against cities, towns or villages, or against their employees.

The trial court's order denying defendant's motion is AFFIRMED.

LOPEZ and BIVINS, JJ., concur.