711 P.2d 870

Mark CLOTHIER, M.D., Dr. Coultass, Dr. Howarth, D. Lang, M.D., G. Moradian, M.D., T. Hinton, M.D., and Joe Doe or Jane Doe, Petitioners,

v.

Ruth LOPEZ, Personal Representative of Dorothy Lopez, Deceased, Respondent.

No. 15764.

Supreme Court of New Mexico.

Oct. 8, 1985.

Ortega & Snead, Daniel Shapiro, Albuquerque, for petitioners.

Melvin L. Robins, Albuquerque, for respondent.

## OPINION

SOSA, Senior Justice.

Plaintiff Ruth Lopez, personal representative of the estate of Dorothy Lopez, brought a medical malpractice claim against physicians and other staff employed by the University of New Mexico Hospital. Defendants moved to dismiss the first amended complaint on the grounds of improper venue, the naming of an improper party-defendant and lack of subject matter jurisdiction. The district court denied the motion. Defendants sought by interlocutory appeal to challenge the denial of the motion with regard to the first two grounds. The court of appeals affirmed as to the first issue but reversed as to the second. Upon plaintiff's petition we granted certiorari on the question of improper venue and now reverse the court of appeals on that point.

The facts relevant to this case are that decedent Dorothy Lopez was treated for an asthmatic condition at the University of New Mexico Hospital emergency room on October 13, 1983. On that same night, she was admitted as in-patient. Four days later, decedent died allegedly as a result of the negligence of the treating physicians and nursing staff.

Pursuant to the Tort Claims Act, NMSA 1978, sections 41-4-1 to -29 (Repl.Pamp. 1982) plaintiff filed a complaint in Santa Fe naming the State of New Mexico as defendant. Subsequently, plaintiff filed a first amended complaint joining certain doctors and staff members as defendants. Defendants filed a motion to dismiss the complaint on three grounds; only the ground of improper venue is relevant to our discussion.

Specifically, defendants contended that venue was proper only in Bernalillo County because the applicable statute, NMSA 1978, section 38-3-1(G) (Cum.Supp.1984) requires that suits against officers or employees of a State educational institution be brought in the county in which the principal office of the institution is located or in the county where the plaintiff resides. Since the principal office of the University of New Mexico Hospital, a subdivision of the University of New Mexico, is in Bernalillo County, defendant argued that suit was improperly brought in Santa Fe.

The district court rejected that contention and found that the venue provision of the Tort Claims Act, NMSA 1978, section 41-4-18(B) allowed for actions against state employees to be brought in Santa Fe County. Thus, the district court found that section 41-4-18(B) supersedes section 38-3-1(G) in determining the proper forum for Tort Claims actions filed against employees of state educational institutions.

The court of appeals affirmed the judgment of the district court relying on the rule of statutory construction that a specific statute prevails over a more general statute relating to the same subject matter. The court observed that section 41-4-18(B) controls the choice of forum for claims brought under the Tort Claims Act while section 38-3-1(G) dictates choice of forum for all civil actions. Thus, the Tort Claims Act provision is more specific in designating the claims covered and takes precedence over section 41-4-18(B).

While the court acknowledged that section 38-3-1(G) more specifically designates the defendants to which it applies—employees of state *educational institutions* and not just employees of the state—the court emphasized that section 38-3-1(G) is more general as to the type of claim it encompasses. The court reasoned that the "legislative intent as to the venue for the type of claim" was controlling since "[t]he legislature intended to bring within the Tort Claims Act all of the law relevant to claims under the Act." *Lopez v. Clothier*, Ct. App. No. 7865, page 7 (January 17, 1985)

(citing *Cozart v. City of Bernalillo*, 99 N.M. 737, 663 P.2d 713 (Ct.App.1983)).

The sole issue we address on appeal is whether the venue provision of the Tort Claims Act, section 41–4–18(B), exclusively delimits choice of forum for tort actions brought against state educational institutions, thereby precluding application of the venue provision set forth in section 38–3–1(G). A preliminary matter we must dispose of, however, is whether defendants fall within the exception stated in section 38–3–1(G). The court of appeals did not decide this question, apparently because at the outset, it found that section 41–4–18(B) barred application of section 38–3–1(G).

In 1981, the Legislature amended the general venue statute, section 38–3–1(G), to include the following underlined language:

> [S]uits against any state officers as such shall be brought in the court of the county wherein their offices are located, at the capital and not elsewhere, except that suits against the officers or employees of a state educational institution as defined in Article 12, Section 11 of the constitution of New Mexico, as such, shall be brought in the district court of the county in which the principal office of the state educational institution is located or the district court of the county where the plaintiff resides.

Thus, we must decide whether defendants were employees of a state educational institution as defined in our constitution.

▮ N.M. Const. art. 12, section 11 specifies that "[t]he university of New Mexico at Albuquerque * * * [and other institutions] are hereby confirmed as state educational institutions * * *." The record clearly discloses and the parties do not dispute that the University of New Mexico Hospital is the principal teaching hospital of the University of New Mexico. As such, the hospital is a state educational institution and doctors and staff employed there fall within the exception contained in section 38–3–1(G).

Hence, section 38–3–1(G), which is applicable to the defendants in this case, precludes venue in Santa Fe since the principal office of the University of New Mexico is in Bernalillo county and the plaintiff resides in Bernalillo county. On the other hand, Section 41–4–18(B) allows for tort claims to be brought "against the state or its public employees * * * in the district court for the county in which a plaintiff resides, or in which the cause of action arose, or in Santa Fe county * * *." Under the provisions of this statute, plaintiff's claim against the doctors and staff of the Hospital was properly brought in Santa Fe. Seemingly, the two venue statutes are in direct conflict.

▮ In resolving this issue of first impression, we presume that the Legislature was fully aware of the existing law when it added the state educational institution exception to section 38–3–1(G) and that it did not intend to enact a provision inconsistent with any existing law. *See City Commission of Albuquerque v. State ex rel. Nichols*, 75 N.M. 438, 405 P.2d 924 (1965). Further, we observe that when two statutes are incompatible, the latter enactment repeals the former by implication but only to the extent that the two statutes are inconsonant. *State v. Fidelity & Deposit Co. of Maryland*, 36 N.M. 166, 9 P.2d 700 (1932). Repeal by implication is disfavored and two acts which are seemingly contradictory should be construed, when possible, so as to give effect to both. *Waltom v. City of Portales*, 42 N.M. 433, 81 P.2d 58 (1938).

▮ Our reading of the two statutes in question reveals that they are not contradictory but in fact complement one another. The Tort Claims Act generally governs choice of forum when a plaintiff seeks to bring a tort action against the state or its employees. Subsequent to its enactment, however, the Legislature promulgated a special venue provision for all civil cases in which employees of a state educational institution are the defendants, regardless of whether the claim sounds in tort or some other cause of action. Thus, when a defendant state employee has the added distinction of being retained by an educational institution, the claim against him is re-

moved from the purview of the Tort Claims Act for purposes of venue only and must be brought pursuant to the dictates of section 38–3–1(G). As such, section 38–3–1(G) is but an extension and refinement of section 41–4–18(B) and the two statutes are compatible.

Though there is no legislative history to aid our interpretation of section 38–3–1(G), we perceive that in amending the section to include the educational institution exception, the Legislature was concerned about the inconvenience and expense of requiring a state educational facility to defend a claim in Santa Fe when, unlike most other state entities, its principal office and governing body is located elsewhere, as in the present case. We endorse and uphold the Legislature's response to that dilemma.

Therefore, we cannot sanction any attempt to circumvent the Legislature's intent to render more efficient the litigation of suits against educational institutions. We find it illogical that tort claims against such institutions are any less inconvenient and costly to defend in Santa Fe than contract claims or other civil actions. Hence, we cannot envision that the Legislature intended tort claims against state university employees to be removed from the ambit of section 38–3–1(G). Section 38–3–1(G) applies to "any civil action." Had the Legislature wanted to exempt Tort Claims actions from the scope of that section it could easily have done so.

While we are mindful of the fact that section 41–4–18(B) is more specific than section 38–3–1(G) in designating the kinds of actions to which it applies, we disagree with the court of appeals that section 41–4–18(B) prevails. That section 38–3–1(G) is more specific than the Tort Claims venue provision as to the category of defendants covered counterbalances any weight in favor of section 41–4–18(B).

Moreover, we are not persuaded that *Cozart v. City of Bernalillo*, 99 N.M. 737, 663 P.2d 713 (Ct.App.1983), cited in the court of appeals opinion, supports the position that specificity as to type of claim rather than specificity as to type of defendant deter-

mines which of two conflicting venue provisions is controlling. In *Cozart*, the defendant Town of Bernalillo challenged the trial court's denial of its motion to dismiss a tort claim filed almost two years after the alleged injury occurred. The court found that the two-year statute of limitations contained in the Tort Claims Act (NMSA 1978, § 41–4–15 (Repl.Pamp.1982)), passed in 1976, displaced the more general one-year statute of limitations for negligence actions against cities, towns or villages (NMSA 1978, § 37–1–24), promulgated in 1941. The court of appeals, in affirming the trial court, held that the more recently enacted Tort Claims Act was so clear and explicit in its use of the words "local public body" and "municipality" and so broad in its treatment of those terms as to evidence "the intent of the Legislature to bring within that Act all of the law relevant to claims against any *local* public body or its employees." *Id.* at 739, 663 P.2d at 715. Therefore, the Act supplants the prior statute of limitations prescribing the time within which to bring a negligence action against a city, town or village or any of its officers.

In deciding this case below, the court of appeals extracted from the holding in *Cozart* the proposition that the Legislature intended to bring within the Tort Claims Act all of the law relevant to claims under the Act. Therefore, the fact that the suit is a Tort Claims action requires that the Tort Claims venue provision apply, thereby excluding operation of section 38–3–1(G). We do not interpret *Cozart* to hold anything other than what it specifically states regarding the comprehensive and explicit treatment of local public bodies and municipalities under the Tort Claims Act. *Cozart*, then, has no direct bearing on the treatment of state educational institutions.

We note, in fact, that *Cozart* more readily supports defendants' position. The court in *Cozart* found that the Tort Claims Act displaced the earlier statute of limitations because it was a more recent enactment with the clear intent to embrace all tort actions against local public bodies. In the case before us, we observe that section

38–3–1(G) was passed *after* the Tort Claims Act and is therefore the more recent pronouncement of the Legislature; furthermore, section 38–3–1(G) explicitly and without qualification purports to cover suits against state educational institutions, unlike the Tort Claims Act. Hence section 38–3–1(G) applies to determine proper venue in the instant case, not section 41–4–18(B).

For all of the foregoing reasons, we hold that the trial court erred in denying defendant's motion to dismiss. Accordingly, the court of appeals is reversed and the matter is remanded to the trial court with instructions to grant defendant's motion to dismiss on the issue of improper venue.

IT IS SO ORDERED.

FEDERICI, C.J., and RIORDAN, STOWERS and WALTERS, JJ., concur.