740 P.2d 1151

**R.J. HALL, as Personal Representative of the Estate of Barry Hall, Deceased, Plaintiff-Appellee,**

v.

**REGENTS OF the UNIVERSITY OF NEW MEXICO, Defendants-Appellants.**

**No. 16941.**

Supreme Court of New Mexico.

Aug. 11, 1987.

Edward L. Chavez, Asst. University Counsel, Albuquerque, for defendants-appellants.

Bruce P. Moore, Duhigg, Cronin & Spring, David L. Duhigg, Albuquerque, for plaintiff-appellee.

## OPINION

SCARBOROUGH, Chief Justice.

The trial court entered a declaratory judgment declaring that appellants were not entitled to assert a hospital lien against damages recovered by appellee in a wrongful death action. We reverse.

Appellants operate a public hospital (hospital). The hospital provided necessary services to Barry Hall from July 2, 1984 through July 4, 1984. The reasonable, usual, and necessary charges for the hospital's services rendered to Barry Hall equal $6,903.82. The services rendered to Barry Hall by the hospital were for injuries he sustained in a vehicle accident not covered by the state workmen's compensation laws. Barry Hall was declared dead on July 4, 1984 as a result of injuries he sustained in the vehicle accident.

On August 21, 1984, appellants filed a notice of hospital lien containing the information required by NMSA 1978, Section 48-8-2. The hospital's lien was in complete form, properly filed, and properly served on all parties entitled to notice under the Hospital Lien Act, NMSA 1978, Sections 48-8-1 through -7.

Appellee is the duly appointed personal representative of the estate of Barry Hall. There are no assets in the estate of Barry Hall.

Appellee filed a cause of action entitled *Hall v. Slominski,* United States District Court, Cause Number 84–1230–M, for the wrongful death of Barry Hall. The hospital's charges were introduced into evidence as part of the wrongful death damages in *Hall v. Slominski.* On February 5, 1986, appellee obtained a judgment against Roy and Edwin Slominski in the amount of $80,000.00 plus $2,176.30 in costs, plus interest according to law, for the wrongful death of Barry Hall.

When appellants attempted to assert their lien against the proceeds of the wrongful death action, appellee filed this declaratory judgment action.

The issue on appeal is whether the district court erred in ruling that the hospital may not assert a hospital lien under the Hospital Lien Act against damages recovered by appellee under the Wrongful Death Act, NMSA 1978, Sections 41–2–1 through –4 (Repl.Pamp.1986). The district court erred.

The legal problem presented by this case arises from a conflict between Section 48–8–1(A) of the Hospital Lien Act and Section 41–2–3 of the Wrongful Death Act. NMSA 1978, Section 41–2–3 (Repl.Pamp.1986) provides in part: "The proceeds of any judgment obtained in [a wrongful death action] shall not be liable for any debt of the deceased * * *." NMSA 1978, Section 48–8–1(A) provides:

Every hospital located within the state that furnishes emergency, medical or other service to any patient injured by reason of an accident not covered by the state workmen's compensation laws is entitled to assert a lien upon that part of the judgment, settlement or compromise going, or belonging to such patient * * * based upon injuries suffered by the patient *or a claim maintained by the heirs or personal representatives of the injured party in the case of the patient's death.* (Emphasis added.)

The conflict between Sections 41–2–3 and 48–8–1(A) is apparent and irreconcilable. On the one hand, the Hospital Lien Act provides that a hospital may assert a lien against a judgment obtained by the decedent's personal representative in order to satisfy a debt of the decedent; on the other hand, the Wrongful Death Act prohibits using the proceeds of a wrongful death action to satisfy the decedent's creditors.

We recognize that repeal by implication is disfavored. *See Clothier v. Lopez,* 103 N.M. 593, 711 P.2d 870 (1985). Nevertheless, when two statutes are inconsistent, the latter enactment repeals the former by implication to the extent of the inconsistency. *Id.* The Wrongful Death Act was enacted in 1882. The Hospital Lien Act was enacted in 1961. The relevant provisions of the two acts have not been amended. Therefore, in view of the inconsistency between Section 41–2–3 and Section 48–8–1(A), the relevant provision of Section 41–2–3 of the Wrongful Death Act is implicitly repealed to the extent it would prevent a hospital from asserting a lien against the proceeds of a wrongful death action.

Moreover, "[c]onflicts between general and specific statutes are resolved by giving effect to the specific statute." *Lopez v. Barreras,* 77 N.M. 52, 54, 419 P.2d 251, 253 (1966). The specific statute, in effect, qualifies the general statute. *Id.* The Hospital Lien Act specifically allows satisfaction of the decedent's hospital debt out of proceeds of an action brought by the decedent's personal representative. This specific provision qualifies the general prohibition in the Wrongful Death Act against using proceeds from a wrongful death action to satisfy the debts of the deceased.

We note the unique nature of a wrongful death action in New Mexico. In New Mexico, not only may a plaintiff recover the value of the life of the decedent, but the plaintiff may also prove up medical and hospital expenses which were incurred by the decedent before death. *See Stang v. Hertz Corp.,* 81 N.M. 348, 467 P.2d 14 (1970). In fact, the hospital's charges were introduced into evidence as part of the wrongful death damages. Under these circumstances, we find further support for our conclusion that the hospital is entitled to assert a lien against the proceeds of the wrongful death action.

The hospital may assert a lien under the Hospital Lien Act against the damages recovered in the wrongful death action. Therefore, the judgment of the district court is reversed.

IT IS SO ORDERED.

WALTERS and RANSOM, JJ., concur.