989 P.2d 443 (1999)
128 N.M. 68
1999-NMCA-119
Ralph P. COSTAIN, Plaintiff-Appellant,
v.
STATE OF NEW MEXICO REGULATION AND LICENSING DEPARTMENT, Robin Dozier Otten, individually and in her official capacity as Superintendent, Ricardo Campos, individually and in his official capacity as employee, and Shawna Maloy, individually and in her official capacity as employee. Defendants-Appellees.
No. 19338.
Court of Appeals of New Mexico.
August 19, 1999.
*444 Ralph P. Costain, Albuquerque, Pro se Appellant.
Patricia A. Madrid, Attorney General, Katherine Zinn, Special Assistant Attorney General, Santa Fe, for Appellees.

OPINION
ALARID, Judge.
{1} Plaintiff appeals pro se from the district court's order granting summary judgment in favor of the State of New Mexico Regulation and Licensing Department (the Department). The issue raised on appeal is whether the district court properly determined, as a matter of law, that the Department was justified in denying Plaintiff's application for renewal of his polygrapher's license. We are unpersuaded by Plaintiff's arguments and affirm the district court's order granting summary judgment.

BACKGROUND
{2} We note initially that the Department denied Plaintiff's applications for renewal of both his private investigator's license and his polygrapher's license. Plaintiff's arguments on appeal do not address the denial of his private investigator's license; therefore, we address only the denial of his application for his polygrapher's license.
{3} In 1989, the Legislature transferred regulatory authority over polygraphers from the Office of the Attorney General to the Department. See NMSA 1978, §§ 61-26-1 to -15 (1973, as amended to 1989) (the Old Polygraphers Act). The Old Polygraphers Act provided that the Department shall "require and establish criteria for continuing education." Section 61-26-6(E) (repealed 1993). Pursuant to this grant of statutory authority, in 1992 the Department promulgated the New Mexico Polygraph Act Rule 92-9 (Rule 92-9), which states in pertinent part: "To be eligible for a renewal of a polygraph license, the person applying for such renewal shall present evidence of the applicant's taking 20 hours per year of continuing education .... No license shall be renewed without proof of continuing education as required herein." Effective July 1, 1993, the Legislature repealed the Old Polygraphers Act, see 1993 N.M. Laws, ch. 212, § 23(A), and enacted the "Private Investigators and Polygraphers Act" (PIPA), see NMSA 1978, §§ 61-27A-1 to -20 (1993). Section 61-27A-5(D) of PIPA sets forth that "[t]he department shall adopt and enforce rules and regulations necessary to carry out the provisions of the Private Investigators and Polygraphers Act, including requirements for continuing education." The Department, *445 however, has not promulgated any new regulations regarding continuing education. Rather, the Department continues to enforce Rule 92-9.
{4} On June 26, 1997, Plaintiff submitted an application for renewal for his polygrapher's license. Relying on Rule 92-9, the Department rejected Plaintiff's application because he did not include a certificate of completion of continuing education requirements. Plaintiff subsequently filed a complaint demanding that the Department renew his license. The Department filed a motion to dismiss for failure to state a claim or, alternatively, a motion for summary judgment. Plaintiff now appeals from the order and judgment granting the motion for summary judgment.
{5} The dispute on appeal addresses the present validity of Rule 92-9. Plaintiff argues that, upon the repeal of the Old Polygraphers Act, all rules and regulations promulgated under the Old Polygraphers Act, including Rule 92-2, no longer have any force or effect. Thus, because the Department has not promulgated any new rules relating to continuing education under PIPA, Plaintiff contends that he was not required to satisfy any continuing education requirements. Conversely, the Department argues both that reliance on Rule 92-2 is consistent with legislative intent, and that Rule 92-2 is effective until repealed.

DISCUSSION
{6} Summary judgment is proper when there are no genuine issues of fact and the movant is entitled to judgment as a matter of law. See Roth v. Thompson, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). When the movant makes a prima facie showing that he or she is entitled to summary judgment, the burden shifts to the party opposing the motion to establish specific evidentiary facts which require a trial on the merits. See id. at 334-35, 825 P.2d at 1244-45. In the present case, the underlying facts are not in dispute, rather the issue on appeal addresses the purely legal question of whether Rule 92-2 continues to be enforceable even though the Old Polygraphers Act under which it was promulgated has been repealed. For this reason, the issue on appeal addresses a question of law, with no material facts in dispute.
{7} An act of an administrative agency which is authorized by the legislature has the force and effect of law. See Jaramillo v. Fisher Controls Co., 102 N.M. 614, 619, 698 P.2d 887, 892 (Ct.App.1985). For this reason, the rule that disfavors the implied repeal of a statute by the subsequent enactment of another statute, see, e.g., Hall v. Regents of Univ. of N.M., 106 N.M. 167, 168, 740 P.2d 1151, 1152 (1987) (stating that as a general rule, implied repeals of legislation are disapproved), also applies to the implied repeal of regulations by statute, especially where the subsequently enacted statute supports the continued validity of the regulation. See Dugas v. Lumbermens Mut. Cas. Co., 217 Conn. 631, 587 A.2d 415, 420 (1991).
{8} Where a statute is repealed by a new statute that relates to the same subject matter, that re-enacts substantially the same provisions of the earlier statute, and the repeal and re-enactment occur simultaneously, the provisions of the original statute are not interrupted in their operation and are regarded as having been continuously in force from the date they were originally enacted. See NMSA 1978, § 12-2A-14 (1997). See generally 1A Norman J. Singer, Sutherland Statutory Construction § 23.28 (5th ed.1992).
{9} In the present case, PIPA became effective on the same day that the Old Polygraphers Act was repealed. The only significant change is that the Private Investigators Act was transferred from the Office of the Attorney General to the Department, see 1993 N.M. Laws, ch. 212, § 21, resulting in the Private Investigators and Polygraphers Act. Both the Old Polygraphers Act and PIPA give the Department the authority to regulate continuing education. Rule 92-2, promulgated under the enabling statute of the Old Polygraphers Act, see § 61-26-6(E), has the force of law and affects the rights and obligations of those persons who fall within its ambit. Because both the Old Polygraphers Act and PIPA provide the authority for Rule 92-2, we discern the legislative intent to be that the enabling legislation for *446 continuing education requirements in the Old Polygraphers Act, and the attendant Rule 92-9, continue uninterrupted into PIPA. See, e.g., Edwards v. Board of County Comm'rs, 119 N.M. 114, 119, 888 P.2d 996, 1001 (Ct. App.1994) (stating that the legislature's intent was that ordinances passed pursuant to an earlier Act would be as valid as if they had been passed pursuant to the later Act); McLain v. Haley, 53 N.M. 327, 333, 207 P.2d 1013, 1017 (1949) ("The reenactment of a statute in substantially the same language in which it was originally phrased constitutes... merely a continuation of the former."); Drury v. Harding, 461 So.2d 104 (Fla.1984); Van Allen v. State, 467 N.E.2d 1210, 1214-15 (Ind.Ct.App.1984) (regulation remains in effect after repeal and re-enactment of statute until substitute regulation is enacted); Oliver v. City of Tulsa, 654 P.2d 607, 609-10 (Okla. 1982) ("When a revised and consolidated act re-enacts in the same or substantially the same terms the provisions of the act or acts so revised and consolidated, the revision and consolidation shall be taken to be a continuation of the former act or acts, although the former act or acts may be expressly repealed by the revised and consolidated act; and all rights and liabilities under the former act or acts are preserved and may be enforced.").
{10} Plaintiff argues that because the Legislature provided in PIPA for the carryover of rules and regulations for private investigators from the Office of the Attorney General to the Department, see 1993 N.M. Laws, ch. 212, § 21, and did not specifically do so for polygraphers, that it was the legislative intent that Rule 92-2 no longer be effective upon enactment of PIPA. The foregoing provision, however, is a transfer provision pertaining to the transfer of authority over private investigators from the Office of the Attorney General to the Department. The Department already had rule-making authority over polygraphers, and therefore a transfer provision was not necessary. We note, however, that a similar transfer provision was in place at the time regulatory authority over polygraphers was transferred from the Attorney General's Office to the Department. See 1989 N.M. Laws, ch. 152, § 12. Finally, we do not address the issue relied upon in the dissent, because Plaintiff has not raised the issue on appeal nor did he raise it below. Without a fully developed record on the matter, we are unwilling to hold that the original rule was adopted improperly.

CONCLUSION
{11} Rule 92-2 has not been repealed either by the Department or by implication because of a conflict with PIPA or another statute. Additionally, we hold that Rule 92-2 continues in effect even though the Old Polygraphers Act, under which Rule 92-2 was originally promulgated, has been repealed.
{12} Accordingly, for the reasons set forth herein, we affirm the district court's grant of summary judgment in favor of the Department.
{13} IT IS SO ORDERED.
HARTZ, J., concurs.
DONNELLY, J., dissents.
DONNELLY, Judge (Dissenting).
{14} I respectfully dissent.
{15} In my opinion, the regulation relied upon by the Department (NMPA Rule 92-2) to deny Appellant's application for renewal of his polygrapher's license was never lawfully adopted by the Department and thus was invalid. The Legislature in 1973 adopted the Polygraphy Act. See 1973 N.M. Laws, ch. 28. The Act specifically provided that the department shall "adopt and file rules and regulations necessary to carry out the provisions of the Polygraphy Act." NMSA 1978, § 61-26-6(D) (1989). The rule in question was never adopted by the Department; instead, the rule indicates on its face that it was adopted by an "Advisory Committee" appointed by the Department.[1]
*447 {16} In 1993 the Legislature repealed the Polygraphy Act and adopted new legislation combining and investing the responsibility for the licensing of polygraphers and private investigators with the Department pursuant to the new Private Investigators and Polygraphers Act. See NMSA 1978, §§ 61-27A-1 to -20 (1993). Section 61-27A-5(D) adopted language similar to that contained in former Section 61-26-6(D). Section 61-27A-5(D) provides: "The department shall adopt and enforce rules and regulations necessary to carry out the provisions of the ... Act, including requirements for continuing education." (Emphasis added.)
{17} Under former Section 61-26-5, the Legislature authorized the Department to appoint an advisory committee to assist it in conducting polygraph examinations "or in any other manner to aid it in the administration of the Polygraphy Act [Sections 61-26-1 to -15]." The statute does not authorize the advisory committee to adopt polygraphy rules. In fact, as noted above, the Legislature expressly stated the responsibility for adopting rules "shall" reside solely in the Department. Although the advisory committee could draft proposed rules for consideration by the Department and submit such rules to the Department for its consideration and issuance, the rule in question here was never expressly adopted by the Department.
{18} Plaintiff argues that when the Legislature adopted the new Private Investigators and Polygraphers Act, Sections 61-27A-1 to -20, it did not specifically carry forward the rules which previously related to the granting and renewal of polygraph licenses. I find this argument persuasive. Nothing in the new Act specifically authorizes the Department to carry forward or enforce a rule which was never lawfully adopted by the Department in the first instance, and where the documents on file in the New Mexico Register indicate that the Department itself never properly adopted such rule.
{19} The State Rules Act provides that "rules filed prior to July 1, 1995 shall continue in effect if such rules were filed with the state records center in accordance with the law applicable at the time of filing ...." NMSA 1978, § 14-4-5.1 (1995) (emphasis added). The latter section only authorizes rules to be carried forward if they were adopted in conformity with applicable law. Given the mandate specified in former Section 61-26-6(D) and new Section 61-27A-5(D), the Department could not lawfully delegate its rule-making authority to an advisory committee. See Harrington v. Tate, 435 Pa. 176, 254 A.2d 622, 624 (1969) (holding that advisory board was advisory in nature and its decisions are merely recommendations). Because both former Section 61-26-6(D) and its current counterpart, Section 61-27A-5(D), state the authority to promulgate rules "shall" reside in the Department, its attempted delegation of this responsibility to an advisory committee was improper. See Chalamidas v. Environmental Improvement Div., 102 N.M. 63, 66, 691 P.2d 64, 67 (Ct.App. 1984) (administrative agencies are creatures of statute and can act only on those matters which are within scope of its authority); New Mexico Bd. of Pharmacy v. New Mexico Bd. of Osteopathic Med. Exam'rs, 95 N.M. 780, 782, 626 P.2d 854, 856 (Ct.App.1981) (administrative agency has no power to adopt rules beyond its statutory authority); see also Fussell v. Department of Commerce, Div. of Occupational & Prof'l Licensing, 815 P.2d 250, 253-55 (Utah Ct.App.1991) (holding administrative rule defining education requirement is contrary to controlling statute and agency erred in relying on rule to deny psychologist's license application).
{20} I would reverse the trial court's decision denying Appellant's application for renewal of his license because the rule in question was never promulgated by the Department and it was beyond the jurisdiction of the advisory committee to adopt or enforce.
NOTES
[1] NMPA Rule 92-1, as set forth in the New Mexico Register, Volume III, No. 16 (Aug. 31, 1992), states:

Pursuant to the authority vested in the New Mexico Polygraph Advisory Committee under Section 61-26-1, et. seq. NMSA, 1978 Comp., the following rules are promulgated by the Committee ... [and the] [s]ubsequent rules and regulations to be adopted will assist the Advisory Committee to implement, interpret, administer and enforce the provisions of the New Mexico Polygraph Act.