This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DARON D. SCOTT and**
**DURYEA SCOTT,**

Plaintiffs-Appellants,

**v.**                                                                    No. 31,751

**DOÑA ANA COUNTY, a local public body**
**of the State of New Mexico, DOÑA ANA**
**COUNTY SHERIFF'S DEPARTMENT,**
**OFFICER ROBYN GOJKOVICH, individually**
**and in her official capacity, OFFICER CURTIS**
**CHILDRESS, individually and in his official**
**capacity, OFFICER MARY LOU WARD,**
**individually and in her official capacity,**
**OFFICER LINDA MALDONADO,**
**individually and in her official capacity,**
**OFFICER PAUL RICHARDSON, individually**
**and in his official capacity, OFFICER TRAVIS**
**WELLS, individually and in his official capacity,**
**OFFICER MANNY HERNANDEZ, individually**
**and in his official capacity, OFFICER FNU RUBIO,**
**individually and in his official capacity, OFFICER**
**FNU PALMER, individually and in his official**
**capacity, OFFICER DARREN WHITE, individually**
**and in his official capacity, HEATHER FERGUSON,**
**individually and in her official capacity, and UNKNOWN**
**OFFICERS, JOHN and JANE DOES 1 THROUGH 13,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**James T. Martin, District Judge**

Rodriguez Law Firm
Augustine M. Rodriguez
Albuquerque, NM

for Appellants

Holt Mynatt Martinez P.C.
Damian L. Martinez
Casey B. Fitch
Las Cruces, NM

for Appellees

### MEMORANDUM OPINION

**SUTIN, Judge.**

{1}   Plaintiffs Daron Scott and Duryea Scott appeal from the district court's dismissal of their complaint against Defendant Doña Ana County and a number of its officers and employees (Defendants) for a statute of limitations violation. Plaintiffs argue that the district court erroneously applied a two-year rather than a three-year statute of limitations to seven of the fourteen claims in their complaint. In regard to six other claims, Plaintiffs argue that the district court erred by failing to accurately determine the date on which the statute of limitations began to run, resulting in an

erroneous dismissal of claims that were properly brought within the two-year statute of limitations. We affirm.

**BACKGROUND**

{2} The facts that gave rise to Plaintiffs' lawsuit against Defendants are not at issue in this appeal. Based on Plaintiffs' complaint and brief in chief, the facts are as follows. As a result of an investigation into the housing and proper care for Plaintiffs' dogs, Defendants conducted raids on August 8, 2007, of two separate properties, one of which belonged to Daron Scott and the other to Duryea Scott. During the raid of Daron's property, the property was searched, and his dogs were taken. During the raid of Duryea's property, Duryea was placed in the back of a police car and interrogated, his vehicle and his person were searched, and his dogs were taken. Defendants carried out these activities without a warrant.

{3} On August 10, 2007, Defendants raided Daron's and Duryea's respective properties in El Paso, Texas. At his El Paso property, Daron and his family were seized and searched, Daron's home and vehicles were searched, and his dogs were taken. At Duryea's El Paso property, he and his family were seized and searched, his home and vehicles were seized and searched, and his dogs were taken. Defendants did not have valid warrants to engage in the El Paso raids. On October 18, 2007,

pursuant to arrest warrants that were issued based on allegations of dog fighting, Plaintiffs were arrested.

{4} On July 27, 2009, Plaintiffs separately filed lawsuits against Defendants in the First Judicial District Court in Santa Fe, New Mexico. The lawsuits alleged civil rights violations under 42 U.S.C. § 1983 (1996), and the lawsuits stated claims arising under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27 (1976, as amended through 2009). Defendants removed the matter to the United States District Court for the District of New Mexico, where the two cases were consolidated. On March 31, 2011, the United States District Court dismissed Plaintiffs' federal claims with prejudice and remanded the remaining state claims to the First Judicial District Court.

{5} On June 27, 2011, the First Judicial District Court dismissed Plaintiffs' complaint without prejudice based on improper venue. On July 15, 2011, Plaintiffs re-filed their case in the proper venue, the Third Judicial District Court in Doña Ana County. On August 25, 2011, Defendants filed a motion to dismiss the complaint claiming, among other things, that Plaintiffs' claims were barred by the statute of limitations, which had expired on July 11, 2011. On September 20, 2011, Plaintiffs filed a response in opposition to Defendants' motion to dismiss. On October 3, 2011, the district court held a hearing on Defendants' motion to dismiss.

{6}    In their written response, and orally at the hearing, Plaintiffs argued that all of their claims should stand. Specifically, Plaintiffs argued that although Claims 1 and 8-12[1] were governed by a two-year statute of limitations, many of Defendants' alleged wrongful actions occurred after August 8 and 10, 2007, and were brought within the two-year statute of limitations. Additionally, in regard to Claims 2-7[2], Plaintiffs argued that those claims were governed by a three-year statute of limitations because they were brought under the New Mexico Constitution.

{7}    The district court noted that the federal constitutional claims were dismissed by the federal court, and it determined that the state constitutional claims had a two-year statute of limitations under the Tort Claims Act. Further, notwithstanding Plaintiffs' argument that malicious prosecution and other violations had occurred later, the court found that "the body of the complaint reference[d] . . . acts or omissions which occurred on or about [August 8 and 10, 2007,] as a result of the searches." Thus, in regard to the non-constitutional claims, the court found that the two-year statute of limitations began to run on August 8 or 10, 2007, not, as Plaintiffs argued, on later

[1]    The respective claims were as follows: Claim 1 was for constitutional deprivation; Claim 8 was for false imprisonment; Claim 9 was for malicious prosecution; Claim 10 was for violation of property rights; Claim 11 was for trespass, conversion, and destruction of property; and Claim 12 was for defamation.

[2]    Claims 2-6 alleged unreasonable search and seizure, and Claim 7 alleged that Plaintiffs' dogs had been taken without just compensation.

dates. Finally, the court noted that although it was a "harsh result" insofar as the complaint was filed only four days after the statute of limitations ran, Plaintiffs had neither "alleged nor proven that the defense caused the delay or contributed to the delay"; thus, the court determined, equitable tolling did not apply. The court dismissed all counts in the complaint with prejudice.

**{8}** On appeal, Plaintiffs reassert the arguments that they made below in the district court. They argue (1) that their constitutional claims were governed by a three-year statute of limitations; (2) that, based on the dates of the alleged wrongful acts, their non-constitutional claims were brought within the statute of limitations; and (3) in their reply brief, they argue that equity demands that their claims should survive notwithstanding the statute of limitations violation. We disagree with Plaintiffs' arguments and affirm the district court's order.

**DISCUSSION**

**{9}** We turn first to Plaintiffs' argument that their constitutional claims were subject to a three-year statute of limitations. Thereafter, we consider whether the district court erred in determining that the non-constitutional claims were barred by the two-year statute of limitations. We review these issues de novo. *See Nelson v. Homier Distrib. Co.*, 2009-NMCA-125, ¶ 7, 147 N.M. 318, 222 P.3d 690 ("Whether an action is barred by the applicable statute of limitations is a question of law that we review de

novo."). Although the argument was made in the district court, Plaintiffs' equity argument will not be considered because, on appeal, it was raised only in the reply brief. *See In re Estate of Duran*, 2007-NMCA-068, ¶ 23, 141 N.M. 793, 161 P.3d 290 (explaining that we do not consider arguments raised in the reply brief, but not raised in the brief in chief).

## I.      Constitutional Claims

{10}      Section 41-4-4(A) provides that governmental entities and public employees, while acting within the scope of duty, are granted immunity from liability for any tort except where, as provided by specific statutory exceptions, immunity is waived. *See Ford v. N.M. Dep't of Pub. Safety*, 119 N.M. 405, 412, 891 P.2d 546, 553 (Ct. App. 1994) ("[A]bsent a waiver of immunity under the Tort Claims Act, a person may not sue the state for damages for violation of a state constitutional right."). Immunity granted under Section 41-4-4 does not apply to "false imprisonment, false arrest, malicious prosecution, . . . defamation of character, violation of property rights or deprivation of any rights, privileges[,] or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." Section 41-4-12. The statute of limitations under the Tort Claims Act is two years from "the date of occurrence resulting in loss, injury[,] or death[.]" Section 41-4-15(A); *see also Maestas v. Zager*,

7

2007-NMSC-003, ¶ 22, 141 N.M. 154, 152 P.3d 141 (stating that a statute of limitations begins to run when a plaintiff knows or with reasonable diligence should have known of the injury and its cause, even if the claimant is not aware of the full extent of the injury).

{11} Plaintiffs concede that their constitutional claims arose on August 8 and 10, 2007, when "the raids on their properties were conducted" and "their pit bull dogs were seized and taken[.]" Further, they conceded in the district court that if a two-year statute of limitations were applicable to the claims that arose on August 8 or 10, 2007, then their complaint was filed outside of the statute of limitations. Thus, the only question before us is whether the district court properly concluded that the two-year statute of limitations set forth in the Tort Claims Act was applicable to this case.

{12} The claims at issue, Claims 2-7[3], allege unreasonable search and seizure and the taking of property (Plaintiffs' dogs) without compensation. As such, Plaintiffs had a right to sue Defendants pursuant to Section 41-4-12, but only within the two-year statute of limitations period. *See id.* (stating that immunity does not apply to a violation of property rights or deprivation of any rights or privileges secured by the

[3] Plaintiffs also include Claim 13 in this section of their argument on appeal, however, their argument in regard to Claim 13 was not preserved and will not be considered on appeal. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]").

8

Constitution); *see also* § 41-4-15(A) (stating that tort claims against a governmental entity or a public employee "shall be forever barred, unless such action is commenced within two years" after the alleged wrongful act).  Because Plaintiffs' complaint against Defendants was filed more than two years after the raids, the district court properly concluded that Plaintiffs' claims were barred by the statute of limitations.

{13}    Relying on the similarity between the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution and federal civil rights jurisprudence, Plaintiffs nevertheless argue that "[t]he applicable limitations period for civil rights actions under New Mexico law is three years, because the damages for an unreasonable search and seizure is a personal injury against a person[']s right to privacy."  We remind Plaintiffs that their § 1983 civil rights claims were dismissed with prejudice by the federal district court.  Accordingly, their citation to civil rights jurisprudence in the context of this appeal is misplaced.  Lawsuits seeking compensation against governmental entities and public employees for the deprivation of rights guaranteed by the New Mexico Constitution are controlled exclusively by the Tort Claims Act and its two-year statute of limitations.  *See* § 41-4-17(A) ("The Tort Claims Act . . . shall be the exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act[.]"); *Ford*, 119 N.M. at 412, 891 P.2d at 553

9

("[A]bsent a waiver of immunity under the Tort Claims Act, a person may not sue the state for damages for violation of a state constitutional right.").

{14} Plaintiffs also argue that Defendants' seizure of the dogs, without compensation, is governed by the three-year statute of limitations in NMSA 1978, Section 37-1-24 (1941) (amended 2011). Section 37-1-24 provides, in pertinent part, that a lawsuit against "any city, town[,] or village" or an officer thereof must be commenced within three years "after the date of the act of omission or commission giving rise to" the lawsuit. Plaintiffs do not provide any argument or authority to support their implicit contention that Section 37-1-24 applies to lawsuits against a county. Nevertheless, even were we to assume that it does apply to Doña Ana County in this case, this Court has held that Section 37-1-24 was repealed by implication by the Tort Claims Act. *See Cozart v. Town of Bernalillo*, 99 N.M. 737, 739, 663 P.2d 713, 715 (Ct. App. 1983) (stating that "Section 37-1-24 . . . does not apply any longer to torts suits brought against cities, towns[,] or villages, or against their employees"). Thus, even assuming that Doña Ana County would, for purposes of Section 37-1-24, fall within the definition of "any city, town[,] or village," the two-year statute of limitations of the Tort Claims Act would nevertheless bar Plaintiffs' claims.

{15} In sum, Plaintiffs' arguments that their constitutional claims were governed by a three-year statute of limitations are based on an erroneous view of the law. The

district court properly concluded that the two-year statute of limitations under the Tort Claims Act barred Plaintiffs' constitutional claims.  Reversal is not warranted.

## II.    Tort Claims

{16}    Plaintiffs argue that Claims 1 and 8-12, as to which they concede the two-year statute of limitations under the Tort Claims Act applies, were timely.  They argue that the district court "should have used the initiating date of October 18, 2007[,] in assessing the claims within the two[-]year statute of limitations because that is the date that the prosecution of [Plaintiffs was] initiated."  And they also argue that the court erred in failing to make a claim-by-claim determination of the date on which Claims 1 and 8-12 accrued.

{17}    We disagree with Plaintiffs' assertion that the district court failed to do a claim-by-claim determination of the applicable accrual date.  We note specifically, the court's statement at the October 3, 2011, hearing that "[n]otwithstanding the argument of counsel that there is the malicious prosecution or the other violations occurred subsequent, the body of the complaint references . . . acts or omissions which occurred on or about [August 8 or 10, 2007,] as a result of the searches."  The court's statement strongly supports an inference that the district court read and considered the entire complaint, including the accrual date of each claim, prior to reaching its conclusion.

**{18}** Moreover, in their brief in chief, Plaintiffs do not make an argument or provide any authority that specifically demonstrates how the facts set out in the complaint support a conclusion that the proper accrual date of the contested claims was October 18, rather than August 8 or 10, 2007. We will not do so for them. *See State v. Am. Fed'n of State, Cnty., & Mun. Emps. Council 18*, 2012-NMCA-114, ¶ 37, 291 P.3d 600 (declining to "create arguments that the parties themselves have not raised"), *cert. granted*, 2012-NMCERT-011, 297 P.3d 1227; *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). Additionally, we note that although Defendants make a claim-by-claim argument to show that the district court determined the proper accrual date of the contested claims, Plaintiffs do not attempt, in their reply brief, to illustrate why Defendants' and the district court's views are erroneous. We deem this to be a concession by Plaintiffs as to Defendants' arguments that the district court properly determined that the claims accrued on August 8 or 10, 2007. *See Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (explaining that a failure to respond, in a reply brief, to arguments raised in an answer brief constitutes a concession of the matter). Finally, this Court, having read the complaint, agrees with the district court's conclusion that each of the claims are premised on Defendants' activities on August

12

8 or 10, 2007. Because the district court correctly determined the date on which the claims accrued, reversal is not warranted.

**CONCLUSION**

{19}    We affirm.

{20}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**LINDA M. VANZI, Judge**