# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2884

_____

Shelby County Health Care Corporation, doing business as Regional Health Center

*Plaintiff - Appellant*

v.

Southern Farm Bureau Casualty Insurance Company; Medford Farm Partnership; Aaron Medford; Barbara Ford, as Special Administratrix of the Estate of John Dallas Smiley

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: April 14, 2015
Filed: August 14, 2015

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Shelby County Healthcare Corporation, doing business as Regional Medical Center ("the Med"), appeals from four district court orders related to its claim for impairment of a hospital lien.  For the reasons detailed below, we vacate the orders and remand for further proceedings not inconsistent with this opinion.

I.

John Smiley, a resident of Monroe County, Arkansas, was severely injured when a vehicle driven by Aaron Medford, a resident of Woodruff County, Arkansas, struck Smiley's vehicle. The accident occurred in Monroe County, Arkansas. Smiley was transported to the Med, a medical center in Memphis, Shelby County, Tennessee, located just across the Mississippi River from Arkansas, where he received several weeks of medical care before dying from his injuries. Pursuant to the Tennessee Hospital Lien Act ("HLA"), Tenn. Code Ann. § 29-22-101 *et seq.*, the Med filed a statutory hospital lien in the Circuit Court of Tennessee for the Thirtieth Judicial District at Memphis for the unpaid balance owed on Smiley's hospital bill, which is over $355,000. The Med mailed copies of the lien to the attorneys for Smiley's estate.

Barbara Ford was appointed as special administratrix for Smiley's estate by the Circuit Court of Monroe County, Arkansas, Probate Division ("the probate court") to pursue claims the estate and beneficiaries had resulting from Smiley's death. After negotiating with Medford's insurer, Southern Farm Bureau Casualty Insurance Company ("Southern"), Ford petitioned the probate court to authorize a settlement. The probate court noted that Ford had asserted a wrongful death claim against Medford and wanted to accept Southern's offer to pay $700,000 in exchange for a release of any and all claims arising under the Arkansas Wrongful Death Act, Ark. Code Ann. § 16-62-102. The probate court found that no medical liens had been filed against Smiley's estate in Monroe County and that the Med's hospital lien was void and unenforceable in Arkansas as the Med did not follow or attempt to follow the requirements of the Arkansas Medical, Nursing, Hospital, and Ambulance Service Lien Act ("MLA"), Ark. Code Ann. § 18-46-101 *et seq.* The probate court entered judgment authorizing Ford to accept the $700,000 on behalf of the estate, statutory beneficiaries, and next of kin, in full settlement and satisfaction "of all claims and

-2-

demands" against Medford and Southern. None of the settlement proceeds were paid to the Med.

The Med then filed this action in the district court in Arkansas against Medford, the Medford Farm Partnership (hereinafter, jointly referred to as "Medford"), Ford, and Southern, claiming they impaired the Med's hospital lien, in violation of the Tennessee HLA. See Tenn. Code Ann. § 29-22-104. The Med argued Southern and Medford impaired its lien because they had notice of the lien but accepted a release of claims and paid a settlement without honoring the lien. The Med claimed Ford impaired the lien in making the settlement by using Smiley's hospital bills and medical records in settlement negotiations and then misrepresenting to the probate court that all of the settlement proceeds were wrongful death proceeds to avoid creditors. The Med asserted that Tennessee law applies to the adjudication of its impairment claim and requested judgment in the amount of one-third of the amount paid in violation of the lien. See Tenn. Code Ann. § 29-22-101(b) (limiting the hospital lien's application to no more than one-third of the damages obtained or recovered in an applicable cause of action); Shelby Cnty. Health Care Corp. v. Baumgartner, No. W2008-01771-COA-R3-CV, 2011 WL 303249, at *17-19 (Tenn. Ct. App. Jan. 26, 2011) (concluding that section 29-22-101(b), while addressing enforcement and not impairment, "circumscribes the scope of [the Med's] underlying right" in an impairment action, meaning it can only recover as damages no more than one-third of the amount obtained or recovered (internal quotation marks omitted)). Appellees argued that Arkansas law applies to the case and that they did not impair the Med's lien because the settlement proceeds were wrongful death proceeds, which are not subject to the estate's creditors under Arkansas law, meaning the Med was not entitled to those proceeds. See Ark. Code Ann. § 16-62-102(e).

In separate orders, the district court granted summary judgment in favor of appellees, concluding that Arkansas law applied and would not permit the Med to recover from the wrongful death proceeds paid to Smiley's beneficiaries. The district

court also noted that the Med never obtained a judgment that could be enforced in Arkansas against Smiley's estate or filed a lien in Arkansas. The district court awarded all appellees attorney's fees against the Med pursuant to the Arkansas MLA. The Med now appeals.

II.

We review a district court's grant of summary judgment, interpretation of state law, and choice-of-law determinations de novo. H&R Block Tax Servs. LLC v. Franklin, 691 F.3d 941, 943 (8th Cir. 2012); Global Petromarine v. G.T. Sales & Mfg., Inc., 577 F.3d 839, 844 (8th Cir. 2009). Summary judgment is appropriate "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Med's complaint alleged a single claim against appellees: a claim for damages for impairment of its hospital lien, a statutory cause of action created by the Tennessee HLA. See Tenn. Code Ann. § 29-22-104. The HLA granted the Med a lien for unpaid medical expenses "upon any and all causes of action, suits, claims, counterclaims or demands accruing to" Smiley's legal representatives as a result of his accident. See id. § 29-22-101(a). The HLA creates a cause of action for medical providers to pursue damages when their liens are impaired. The statute reads, in relevant part:

> (a) No release or satisfaction or any action, suit, claim, counterclaim, demand, judgment, settlement or settlement agreement, or any of them, shall be valid or effectual as against such lien unless the lienholder shall join therein or execute a release of the lien.

> (b) (1) Any acceptance of a release or satisfaction of any such cause of action, suit, claim, counterclaim, demand or judgment and any settlement of any of the foregoing in the absence of a release or

-4-

satisfaction of the lien referred to in this chapter shall prima facie constitute an impairment of such lien, *and the lienholder shall be entitled to an action at law for damages on account of such impairment*, and in such action may recover from the one accepting such release or satisfaction or making such settlement the reasonable cost of such hospital care, treatment and maintenance.

Id. § 29-22-104 (emphasis added).

The Med sought damages pursuant to this statutory cause of action for impairment of its lien. The district court, however, construed the Med's complaint as asserting a claim to enforce a hospital lien rather than as "an action at law for damages on account of . . . impairment" of that lien. Id. § 29-22-104(b)(1). Ignoring this critical distinction, the district court failed to identify the elements of a hospital lien impairment action and granted appellees summary judgment because it found that the Med "failed to properly enforce [its lien] in the court with jurisdiction over the Estate of John Smiley" and that "[e]ven if the Med had taken the appropriate steps, it is clear that Arkansas law – which is appropriate in this case, since all other things being equal, Arkansas has a strong interest in determining what damages its citizens may recover in personal injury suits – would not permit The Med to recover from the wrongful death proceeds of the beneficiaries." R. Doc. 33, at 4-5. Viewed as a claim for damages for lien impairment, significant issues remain unaddressed, including whether the Med's hospital lien attached to the wrongful death settlement proceeds, cf. Shelby Cnty. Healthcare Corp. v. Nationwide Mut. Ins. Co., 325 S.W.3d 88, 98 (Tenn. 2010) (finding it unnecessary to address the Med's claim that insurer impaired its lien by making medical benefit payments because "the attachment of liens under the HLA is limited to the recovery of 'damages,'" and the payments at issue were not "damages," meaning the Med did not have a valid lien on those proceeds);[1] which

---

[1]Appellees argue that Arkansas law controls and does not allow hospital liens to attach to wrongful death proceeds, but Arkansas courts have not squarely addressed this question. Other states have found conflicts between their hospital lien

state's medical lien law applies, see Ark. Code Ann. § 18-46-105 and Tenn. Code Ann. § 29-22-102; whether the Med properly perfected its lien, see, e.g., Baumgartner, 2011 WL 303249, at *12 ("[I]f The MED failed to perfect its lien in accordance with subsections (a) and (b) of Section 29-22-102, this would be fatal to its [impairment] claims against [the insurer] under the lien."); and whether all appellees were subject to a claim for impairment under the HLA, see Tenn. Code Ann. § 29-22-104(b)(1) (stating lienholders may recover damages "from the one accepting such release or satisfaction or making such settlement"). The parties disagree on all of these points.

Rather than decide these issues for the first time on appeal, we conclude the better course is to remand to allow these issues to be developed and decided by the district court in the first instance. See Loftness Specialized Farm Equip., Inc. v. Twiestmeyer, 742 F.3d 845, 851 (8th Cir. 2014) (remanding where the district court's grant of summary judgment was not based on the claim actually alleged and appellee urged affirmance on an alternative basis, explaining that "[a]lthough we *may* affirm the district court's judgment on any basis supported by the record, we are not required to do so. When it would be beneficial for the district court to consider an alternative argument in the first instance, we may remand the matter to the district court" (emphasis in original) (citation omitted)); Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1033-34 (8th Cir. 2012) ("Although we may affirm . . . on grounds not relied upon by the district court, where the parties did not adequately develop an issue, remanding to allow the district court to address the matter in the first instance

and wrongful death statutes and have come out both ways on whether hospital liens can attach to wrongful death proceeds. Compare Spivey v. Anderson, No. 02A01-9704-CV-00075, 1997 WL 563199, at *3-4 (Tenn. Ct. App. Sept. 9, 1997) (lien attaches), and Hall v. Regents of Univ. of N.M., 740 P.2d 1151, 1152 (N.M. 1987) (same), with Am. Family Mut. Ins. Co. v. Ward, 774 S.W.2d 135, 137-38 (Mo. 1989) (en banc) (lien does not attach), and Tarrant Cnty. Hosp. Dist. v. Jones, 664 S.W.2d 191, 195 (Tex. Ct. App. 1984) (same).

is appropriate."), cert. denied, 133 S. Ct. 2358 (2013). Accordingly, we vacate the district court's orders granting summary judgment and remand for further proceedings. Given this holding, the basis for the district court's awards of attorney's fees no longer exists, so we also vacate those orders.

## III.

For these reasons, we vacate the district court's orders granting summary judgment and attorney's fees to Ford, Southern, and Medford. We remand the case to the district court for further proceedings not inconsistent with this opinion.

_____